Gill *vs.* Mizell.

---

JACKSON M. GILL, plaintiff in error, *vs.* MARY MIZELL *et al.*, defendant in error.

1. A sold property to B, to pay his debt to B. Subsequently A applied to the Ordinary for an exemption of certain property, and in his schedule included said property sold to B. Pending this application, A and B, who had had dealings subsequently to as well as before said sale to B, submitted their matters to arbitration. The arbitrators awarded that A owed B a sum of money and that said sale was valid, but directed that if A paid said sum he should have back said property:

*Held*, That said property could not be exempted till said sum was paid. (R.)

2. Said property was under said award sold by a Receiver appointed to sell and pay said debt, notwithstanding the Ordinary exempted it:

*Held*, The Receiver was not a trespasser, nor liable to an action for such sale. (R.)

Exemption. Lien, etc. Before Judge JOHNSON. Marion Superior Court. April Term, 1871.

In August, 1869, Mary Mizell and her minor children brought trespass against Gill for selling certain property which had been set apart as exempt from her husband's debts, under the Homestead and Exemption Act.

Allen Mizell, the husband of Mary Mizell, and father of said children testified that Gill sold said property; that he and one Proctor had had a misunderstanding and submitted the same to arbitration, and that he and his wife and Proctor agreed that the property should be turned over to Mizell, and be by him sold, and that he should hold the proceeds until the end of the litigation as to this award; and that he had sold the property. Plaintiff's counsel read in evidence a record, showing that on the 8th of November, 1868, Allen Mizell petitioned for the exemption of said personalty, and the same was exempted from his debts by the Ordinary of said county on the 4th of December, 1868. Here plaintiff closed.

The defendant's counsel read in evidence the papers relating to said arbitration and award. From them it appeared that on the 30th of November, 1868, Allen Mizell and one Proctor submitted to arbitration the assignment of certain counter claims growing out of a partnership between them, during the years 1867 and 1868, in which it was recited that said property was formerly Mizell's, and in Proctor's possession, but the "sale shall be canceled when Mizell shall pay his indebtedness to Proctor." On the 1st of December, 1868, the arbitrators made an award "that Mizell is indebted to Proctor in the sum of $780 59, and that said sum be paid on or before the 1st of January next, and that the two mules and all the other stock mentioned in the agreement (aforesaid) are the property of said Proctor; but that the said Proctor shall deliver said mules and stock back to said Mizell if he pay Proctor before the 1st of January next, said

sum," and that one Tullis should sell the property and pay Proctor said sum. Proctor then testified that on the 1st of January, 1867, he and Mizell became partners in farming operations, and stated the terms of the partnership for 1867 and 1868 ; that in 1867 Mizell became his debtor, and sold all of said property to Proctor, " being anxious to secure his indebtedness " and agreed to continue the business for 1868. A witness testified that he was present when Mizell sold said property to Proctor, about the 1st of January, 1868, in part payment for what Mizell owed Proctor.

In rebuttal, Mizell denied that he ever did sell said property to Proctor.

The Court charged the jury, that if said property was Allen Mizell's when the application for exemption was filed and allowed by the Ordinary, the plaintiff could recover, if defendant converted the property, although an award had been made between the time of application and the time of the approval of the Ordinary; that the meaning of the award was, that Mizell owed Proctor $780 59.   Defendant's counsel asked him to charge the jury that if said property was turned over to Proctor by Mizell, before the exemption was allowed by the Ordinary, to secure Proctor an indebtedness which Mizell owed him, then Proctor can hold the property until Mizell pays him, notwithstanding the exemption allowed by the Ordinary.   The Court so charged, with this qualification :   If Mizell sold said property after the allowance of the exemption, and if the title to said property was in the plaintiffs, yet, though Proctor might have the possession for the time, the defendant, by such sale, became a trespasser.   Defendant's counsel further requested the Court to charge the jury, that if the property sold by defendant was the proceeds of the partnership, no title could be vested in the plaintiffs to the same by said exemption, until the partnership affairs were settled up.   He so charged, with this qualification :   If Proctor had received his part of the partnership property, plaintiffs could recover.   The jury found

for the plaintiff for the sum for which Gill sold said property. Defendant's counsel say that the Court erred in each of said charges and qualifications of said requests to charge.

M. H. BLANDFORD; E. H. WORRILL; B. B. HINTON, for plaintiff in error.

PEABODY & BRANNON, for defendants.

LOCHRANE, Chief Justice.

Two parties, named respectively Mizell and Proctor, entered into a copartnership in farming, in the beginning of the year 1867, and at the close of the year Mizell fell in Proctor's debt, to extinguish which, he made sale to him of two mules and some stock, and the parties agreed to go on the ensuing year, 1868, upon the same terms, which they did.    At the close of 1868, Mizell applied to the Ordinary to have certain property exempted as personalty, and in his schedule, included the two mules and other property previously sold.    A few days subsequent to the application, both parties submitted all their accounts and controversies to arbitrators, who awarded the amount of $780 00, due to Proctor from Mizell, and found the sale valid; but directed, if Mizell paid the money, he was to have the mules and stock back; and under such award, Gill, acting by way of Receiver, sold the property, and Mrs. Mizell, for herself and minor children, brought suit against him for the money, and upon the trial, under the view entertained by the Court, that this award, which had been made the judgment of the Court, created only a lien on the property of Mizell, and such lien was displaced by the right of the family under the exemption, etc., and his charge to that effect, the jury found for the plaintiff.

*Held*, under the facts in this case, that the award of the arbitrators was conclusive and binding upon all the parties thereto, and the wife and children of Mizell had no right in the property, found under such award to belong to Proctor,

without first complying with the award and paying the amount due.

*Held again,* that the sale of the cotton under such award did not render the party selling a trespasser and liable to action as such, and that, inasmuch as the cotton being raised in copartnership was to be sold and the money paid over to the extinguishment of a copartnership debt, the judgment of the Ordinary did not, by such exemption, change its legal status, or vest any right therein superior to the award.

Judgment reversed.