## 4505.   WOOD v. SOUTHERN TRUST COMPANY.

HILL, C. J.   The defendant failing to amend his plea as indicated by the
court, and, without such amendment, the plea setting up no defense,
the court properly struck it on demurrer.    ·    *Judgment affirmed.*
DECIDED JANUARY 22, 1913.

Complaint; from city court of Atlanta—Judge Reid.   October
16, 1912.

The Southern Trust Company sued J. B. Wood, as maker, and
Sam B. Adams, as indorser, on seven promissory notes.   Each of
the notes (except as to the date of maturity) was as follows:
"$65.00.                            Little Rock, Ark., May 19, 1910.

March 1st, 1911, after date, we or either of us promise to pay
to the order of Southern Trust Company sixty-five & no/100
dollars, for value received; negotiable and payable, without de-.
falcation or discount, at the Southern Trust Co., of Little Rock,
Arkansas, with interest from date at the rate of eight per cent. per
annum until paid.   The makers and indorsers of this note hereby
severally waive presentment of [for?] payment, notice of non-pay-
ment and protest.                ·            J. M. Halliburton,
                                                 J. B. Wood."

It was alleged in the petition that the whereabouts of Halli-
burton and Adams were unknown, that they were not residents of
the State of Georgia, and that demand for payment had been made
upon J. B. Wood (who was of Fulton county, Georgia), and pay-
ment had been refused; and judgment was asked against Wood for
the amount of the notes.   Wood filed a plea, in substance as fol-
lows:   He admits the execution of the notes, and that demand was
made upon him for payment, but says, that he is not indebted to
the plaintiff; (paragraph 4) that, although he signed the notes
apparently as maker, he was in reality only surety for J. M. Halli-
burton; that the agreement between said Halliburton and himself
was that Halliburton, before said notes were used or given to the
plaintiff, would secure two additional indorsers, to wit, William
R. Tucker and Sam B. Adams; and this agreement, defendant is
advised and believes, was known to plaintiff; that the said Halli-
burton, after securing the signature of the defendant, failed to
secure the indorsement of Tucker, and delivered the notes to the
plaintiff without having secured said indorsement.   (Paragraphs

5, 6, 7.) Defendant is further advised and believes that the plaintiff had a claim against Halliburton at the time the notes were given, and that the plaintiff agreed with Halliburton, who was in its employ, that it would retain Halliburton in its employ until all the notes were paid, and would deduct from his salary a certain amount each month until payment of all the notes. After securing the notes, however, plaintiff, as this defendant is advised and believes, discharged Halliburton from its employ, thereby increasing the risk of this defendant as surety. Defendant further alleges, that the first of these notes fell due more than one year prior to the bringing of the suit; that plaintiff, knowing the whereabouts of Halliburton and knowing that this defendant was merely a surety and a mere accommodation indorser, and knowing that this defendant never received anything for the notes and never obtained any advantage therefrom, failed and refused to collect from Halliburton or to bring suit against him; that after the notes were given, Halliburton moved without the jurisdiction of the courts of the State of Arkansas; and the failure of the plaintiff to press the collection of the notes against the principal increased the risk of this defendant as surety thereon, and defendant is discharged thereby. The defendant further shows that although the said notes were in the hands of the plaintiff, this defendant was not notified of the non-payment of the notes until several months after the first of them fell due and remained unpaid; and defendant's risk as surety was thus increased.

The plaintiff demurred to this plea, on the ground that no good defense was set out, and the demurrer was sustained, the court rendering the following judgment: "Paragraphs 5, 6, and 7 of the plea are stricken. Unless paragraph 4 is amended within ten days from this date, by alleging directly that the plaintiff knew of the alleged agreement, the entire plea will be stricken."

*Scott & Davis,* for plaintiff in error.

*Walter R. Brown,* contra.