---

### 5750.  McYere *v.* Withers.

RUSSELL, C. J.   1. It is the duty of a landlord, when he rents a tenement for a time to begin in the future, to have it, on the day when the term is to begin, in a condition reasonably suited for the purposes for which it was rented. *Thompson* v. *Walker,* 6 *Ga. App.* 80 (64 S. E. 336). Should there be a change in the condition of the tenement during its occupancy by the tenant, the landlord is bound to repair such defects as may be brought to his attention. If the tenant is in exclusive possession of an apartment, it is his duty to give the landlord notice of the necessity for repairs; for the landlord's duty to repair arises only when he has either notice or actual knowledge of the necessity for repairs. The mere fact that the landlord himself occupies one of the apartments in an apartment house is not of itself sufficient to compel the inference that the landlord has actual knowledge that the radiators in another apartment, occupied by his tenant, are defective in their operation.

2. In view of the evidence in the record, it was not error to charge the jury: "If you find that the furnace was in proper condition when the term of the defendant's lease began, and that the condition changed during the term of the lease, without fault of the plaintiff, then the plaintiff was entitled to notice from the defendant of such change in condition, and would have a reasonable time in which to fix the same."

3. There was no reversible error in the rulings upon the admissibility of testimony; and the verdict and judgment of the municipal court are supported by the evidence.                  *Judgment affirmed.*

DECIDED FEBRUARY 3, 1915.

Distraint; from municipal court of Atlanta.   May 5, 1914.

Oscar McYere rented an apartment from Withers for a term of six months and ten days from February 15, 1913, under a written contract which provided that the owner was "to furnish heat" in the building until the first day of April.   McYere moved into the apartment February 12, and moved out about the last of February. He paid rent for the time he was in the apartment, but refused to pay more.   Withers sued out a distress warrant for unpaid rent, and McYere interposed a counter-affidavit, denying that it was due.   At the trial he testified: "I never saw the apartment which I leased, but saw one which Mr. Withers said was identical with the one I leased, but it was not true.   The apartment leased was never com-

fortably heated during the time I remained there. All of the rooms were cold. I had to buy coal the day after I moved in the apartment, and I kept a fire burning continually in the grate in the bedroom while I remained there. I could not keep any servants on account of the fact that the apartment was so cold, and I had to send my wife's meals to her from town. I notified the office of Ralph O. Cochran Company [the plaintiff's renting agent] three times about the lack of heat, and I also notified Mr. Withers three or four times about the lack of heat, and finally he told me that I could move out if I was not satisfied, and I did move out on February 27th or 28th. Several days before that time I had taken my wife to the Marion Hotel on account of the fact of my apartment being so cold that I could not keep her there." A physician testified that he attended the defendant's wife seven or eight days while she was living in the apartment in question, and "the apartment was always uncomfortably cold, and there was always a fire burning in the bedroom grate." Another witness testified: "I lived in the same building with Mr. MeYere, but in the apartment below him, and I lived there for several months and was living there during the month of February, 1913. During the whole time I was there the apartment was never comfortably heated, and during the cold season I kept a fire in my grate all the time. The apartment I lived in was heated by the same furnace as the one which heated Mr. MeYere's. One of the radiators in my apartment was generally hot."

The plaintiff testified: "I never heard any complaint from the defendant that his apartment was not sufficiently heated, and never heard him make any complaint at all. The whole apartment was heated by the same furnace. I live across the hall in the same building, and I visited the furnace about four times a day, and the same is always hot and usually uncomfortably so. During the time Mr. MeYere was there I was able to buy some extra radiators at a cheap price, and I would have put a part of the same in Mr. MeYere's apartment, and sent a man out there several times, but he could not get in the apartment. . . I was in Mr. MeYere's apartment on one occasion. I found one of the radiators in the dining-room turned off." Another witness testified: "I was connected in February, 1913, with the Ralph O. Cochran Company, and I rented the apartment in question to the defendant. He

called after he went into the apartment to see me, and stated that his wife was sick and he wanted to move out. I did not hear any complaint from him about there not being sufficient heat until he moved out." Hammond, an engineer and plumber, testified that in November, 1912, he installed the heating plant in the building in question, and that it was amply sufficient to heat the whole building. He testified also that he tried to install some extra radiation in the building, a part of which was to go in the apartment of Mr. McYere, and that he was "out on several occasions," and could not get into the apartment.

The verdict was for the plaintiff. The exceptions are to the overruling of the defendant's motion for a new trial, based on the grounds, that the verdict was contrary to law and to the evidence; that the court erred in the instructions which are set out in paragraph 2 of the foregoing decision; that the court erred in admitting the plaintiff's testimony that he sent a man to put in additional radiators in the defendant's apartment, and the man could not get in the apartment, this testimony being objected to as irrelevant because the witness had testified that no additional radiation was necessary, and that he had never received a complaint as to the apartment not being sufficiently heated, and because there was no evidence that the defendant had been apprized of the desire to gain admission to the apartment; also that the court erred in refusing to allow the defendant's attorney to ask the defendant if he had any conversation with the witness Hammond as to the facilities of the heating plant. It does not appear what answer was expected, or that the expected answer was stated to the court.

*J. W. Bachman,* for plaintiff in error.

*A. L. Richardson, Mayson & Johnson,* contra.