### 9651. PASCO FLOUR MILLS CO. v. CITY SUPPLY CO.
### 9653. ALLEN v. CITY SUPPLY CO.

BROYLES, P. J. 1. There is no merit in the motion to dismiss the bill of exceptions.

2. Upon the demurrer, attacking the plaintiff's petition on both general and special grounds, the court entered a judgment, dated February 13, 1918, "that the demurrer to paragraph 3 of the declaration be sustained unless amended within 10 days from this date so as to meet the objections raised by the demurrer." The plaintiff, within ten days thereafter, filed in the office of the clerk of the court a paper purporting to be an amendment to the petition, and served a copy thereof upon opposing counsel. This amendment, however, was filed without an order of the court, and was never allowed by the court. On March 15, 1918, the defendant filed a motion to strike the purported amendment from the files, on the ground that it was filed without an order of the court and had never been allowed by the court, and therefore did not constitute an amendment to the petition. This motion contained also a prayer that the case be dismissed and stricken from the docket. The motion was heard on March 15, 1918, and the court thereupon passed the following order: "The plaintiff having filed his amended motion [proposed amendment] in the clerk's office within the time allowed for amending his petition, and having served defendant's counsel with a copy of the same at the time of filing the original, the within motion to. dismiss is hereby overruled." *Held:* The motion to strike the proposed amendment and to dismiss the case should have been sustained. A proposed amendment can not properly be so filed as to become a part of the record until it has been allowed by the court. It

was not a sufficient compliance with the order of the court, requiring the plaintiff to amend the petition within ten days, to file a proposed amendment without an allowance thereof. *Johnson* v. *Vassar*, 143 *Ga.* 702 (85 S. E. 833), and authorities there cited; *Chattanooga Boiler & Tank Co.* v. *Robinson*, 14 *Ga. App.* 73 (80 S. E. 299). Paragraph 3 of the petition was vital to the plaintiff's case. With that paragraph stricken, and nothing substituted by way of amendment, the petition set forth no cause of action and should have been dismissed.

*Judgment reversed. Bloodworth, J., concurs. Stephens, J., not presiding.*
DECIDED NOVEMBER 23, 1918.

Action for breach of contract; from city court of Carrollton— Judge Beall. February 13, 1918.

The motion to dismiss the writ of error was on the ground that "none of the rulings complained of amount to a final disposition of the cause, and if they had been sustained by the court they would not have amounted to a final disposition of the cause."

*C. E. Roop*, for plaintiffs in error.
*B. F. Boykin*, contra.

*Judgment reversed. Bloodworth, J., concurs. Stephens, J., not presiding.*
DECIDED NOVEMBER 23, 1918.