### 16694. ROBINSON v. ODOM *et al.*

1. "Ordinarily a promissory note contains only the maker's obligation to pay. If the note does not purport to express the contract in pursuance of which it is executed, and that the contract rests in parol, its terms may be proved by parol. *Pryor* v. *Ludden*, 134 *Ga.* 288 (67 S. E. 654, 28 L. R. A. (N. S.) 267). But where a tenant gives a rent note to his landlord, embracing and reciting a complete and certain agreement of the terms of the lease contract, it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the entire contract." *Anthony Shoals Power Co.* v. *Fortson*, 138 *Ga.* 460, 463 (75 S. E. 606).

2. "Where the law requires that the contract, in order to be valid, shall be expressed in writing, the writing alone must be depended upon to ascertain the contract of the parties, and its deficiencies can not be supplied by parol proof. Where the law does not require the agreement to be reduced to writing in order to render it valid, and it is insisted that the writing contains a complete agreement of the parties, it becomes a question of intention, as to whether or not the agreement has been integrated in the writing. In such a case, in order to allow parol evidence to be admitted to show other terms, it must appear, either from the contract itself or from the attendant circumstances, that the contract is incomplete and what is sought to be shown as additional terms neither conflicts with nor contradicts what is contained in the writing. *Forsyth Mfg. Co.* v. *Castlen*, 112 *Ga.* 199 (37 S. E. 485, 81 Am. St. R. 128); *Johnston* v. *Patterson*, 86 *Ga.* 725 (13 S. E. 17); *Depauw* v. *Kaiser*, 77 *Ga.* 176 (3 S. E. 254). If the writing shows on its face a definite and complete contract between the parties, parol evidence will not be received to vary, modify, or contradict its terms. The rule does not apply to cases where the instrument shows incompleteness on its face, and

---

Contracts, 13 C. J. p. 603, n. 55.

Evidence, 22 C. J. p. 1089, n. 31; p. 1131, n. 82; p. 1251, n. 31; p. 1252, n. 33; p. 1255, n. 52; p. 1290, n. 54, 55, 59.

Frauds, Statute of, 27 C. J. p. 217, n. 24; p. 375, n. 81.

Landlord and Tenant, 35 C. J. p. 1045, n. 51: 36 C. J. p. 131, n. 27.

parol evidence is allowed to show an agreement referable to the incompleteness when not inharmonious with the writing. The question in such cases is whether there is a vacuum to be filled. *If the alleged omission of an important detail is lacking which can be supplied by legal presumption, the want of express provision leaves no vacuum.*" (Italics ours.) *Pryor* v. *Ludden,* supra.

3. In the case of landlord and tenant there is, in the absence of a stipulation to the contrary, an implied covenant on the part of the landlord that the premises are in a proper condition of repair and that he will keep them in such condition during the tenancy, except as to defects which were patent at the time of the renting. *Whittle* v. *Webster,* 55 *Ga.* 180; *Lewis* v. *Chisholm,* 68 *Ga.* 40 (4) ; *Aikin* v. *Perry,* 119 *Ga.* 263 (46 S. E. 93) ; *Cox* v. *Lowney Co. of Ga.,* 35 *Ga. App.* 51 (132 S. E. 257). In view of the existence of such implied covenant and of the provisions of the note sued on, the paper purports on its face to show all the terms of a valid rent contract, and parol evidence of prior or contemporaneous representations or statements as to the condition of the premises was inadmissible to vary the written instrument. *Wyche* v. *Winship,* 13 *Ga.* 208; *Bond* v. *Perrin,* 145 *Ga.* 200 (88 S. E. 954) ; *Reeves Tractor & Implement Co.* v. *Barrow,* 30 *Ga. App.* 420 (1) (118 S. E. 456) ; *West* v. *Miller,* 32 *Ga. App.* 199 (1) (122 S. E. 809) ; *Pryor* v. *Ludden,* supra. Such implied covenant as to the condition of the premises became by law a part of the written contract and left no "vacuum" to be filled by the parol representation or warranty.

(a) The defendant's answer was fatally defective in so far as it sought to deny liability because of the alleged parol misrepresentation as to the condition of the premises.

4. The defendant's option to purchase the rented premises, as referred to in the answer, was a contract required by the statute of frauds to be in writing. Civil Code (1910), § 3222 (4); *Lyons* v. *Bass,* 108 *Ga.* 573 (1) (34 S. E. 721) ; 27 C. J. 217. Where a contract is of a kind required by the statute to be in writing, the presumption is that it was in writing. *Allen* v. *Powell,* 125 *Ga.* 438 (1) (54 S. E. 137); *Kiser Co.* v. *Padrick,* 30 *Ga. App.* 642 (1) (118 S. E. 791). There being nothing in the answer to show otherwise, it is to be inferred therefrom that the option was in writing. If, while such option was in force, it was, by mutual agreement between the parties, surrendered to the maker in full satisfaction and discharge of the several rent notes including the one in suit, the rent contract was effectually rescinded. A rescission of the contract by consent is a complete defense. Civil Code (1910), § 4304; *Hoffman* v. *Franklin Motor Car Co.,* 32 *Ga. App.* 229 (5), 234 (122 S. E. 896), and cases cited.

(a) The municipal court erred in striking the defendant's answer and in thereafter rendering judgment in favor of the plaintiff, and the superior court erred in dismissing the certiorari.

DECIDED APRIL 20, 1926.

Certiorari; from Bibb superior court—Judge Malcolm D. Jones. June 17, 1925.

*E. F. Goodrum,* for plaintiff in error.

*J. P. Burnett,* contra.

BELL, J.  W. W. & C. E. Odom filed suit in the municipal court of Macon against Carl Robinson upon a promissory note dated September, 1924, and due October 1, 1924, for $40.  The note recited that it was given "for rent 111 Ninadel Ave.," and contained the stipulation, "this note to be surrendered in case the property is rendered untenable [untenantable] by fire."  In the lower left-hand corner, opposite the maker's signature, were the words and figures "No. 1 Month of October, 1924."  It provided for the payment of interest after maturity at eight per cent. per annum and of attorney's fees, and contained a waiver of homestead. The defendant filed an answer, and then amended it. Thereafter the court sustained a general demurrer thereto, and, on the introduction of the note in evidence, directed a verdict for the plaintiff.  The defendant's certiorari was overruled and he excepted.  The question for determination in this court is whether the answer as amended set forth any valid defense to the suit. The answer alleged, among other things, two sets of facts which we will enumerate as follows:  (1) "That on or about September 3, 1924, plaintiff and defendant entered into a contract whereby plaintiff was to rent to defendant No. 111 Ninadel Drive, Macon, Ga., for one year from October 1, 1924, at $40.00 monthly, evidenced by rent notes, and plaintiff further contracted with defendant that should defendant within three months next after October 1, 1924, wish to purchase said premises, defendant might do so at the price of $4,200.00, and all rents paid plaintiff by defendant between October 1, 1924, and the election period or date within said ninety days period, should apply on said purchase price of $4,200.00;" that the plaintiff represented that the premises were properly and sufficiently equipped with a modern sanitary sewerage system adequate in every way to discharge the sewerage and garbage from the premises, whereas "same was connected up with a cesspool system of sewerage" and "was wholly inadequate, in that the construction of such cesspool sewerage connections, erected and maintained for the purpose of draining off such premises, would not carry off the sewerage from the premises, because same did not have the required and necessary outlet to drain the premises;" that the actual facts in regard to the sewerage system could only be determined and known by a personal inspection and use of the premises, and that the defendant was not apprized thereof until

after the execution and delivery of the notes; that he never at any time occupied the premises, but ascertained the facts by personal inspection and from the tenant who was then in possession thereof; that the defendant thereupon notified the plaintiff that "under the circumstances said premises were unsatisfactory to him and to his family," and, "as a result of the plaintiff's said misrepresentations, the consideration of said note sued on has utterly and entirely failed." (2) That the defendant, on discovering the facts, demanded a release from his contract and a surrender of the notes. The plaintiff refused such demand, but promised to "place said premises in a satisfactory condition." Shortly thereafter the defendant brought one Burns to the plaintiff as a prospective purchaser. Plaintiff "then came to defendant and demanded the defendant's option to purchase, . . in order that plaintiff might sell said premises to said Burns. Defendant surrendered his option to plaintiff with the further understanding that plaintiff was to return to defendant all his twelve rent notes running through September 30, 1925; which plaintiff never did. Defendant pleads said statement of facts as a complete release to said rental contract, and as a full defense to this action." On the subsequent refusal of Burns to purchase because of the character and condition of the sewerage system, "plaintiff demanded rent of the defendant and refused to surrender up his rent notes."

As we construe the answer, the allegations referred to in paragraph 1 of the above synopsis are not made as a plea of fraud, but are relied on merely for the purpose of showing a failure of consideration. In view of the written contract, the parol representation could not be pleaded; and, whether the allegations as to the character of the sewerage system and the defendant's refusal to install a proper system could be construed as setting up a breach of the landlord's implied covenant as to the condition of the premises, and whether a breach of such covenant before entry would justify the tenant's refusal to enter and relieve him, are questions not raised by counsel for the plaintiff in error. See, in this connection, *Barnes* v. *Strohecker*, 17 *Ga.* 340; s. c. 21 *Ga.* 430; *Epping* v. *Devanny*, 28 *Ga.* 422; *Lewis* v. *Chisholm*, 68 *Ga.* 40 (4); *Thompson* v. *Walker*, 6 *Ga. App.* 82 (64 S. E. 336). Construing the answer as it is construed by the attorney for the plaintiff in error, its author, we conclude that no valid defense was pleaded by

the allegations thereof as enumerated in paragraph 1 of the above statement. We entertain a different opinion, however, as to those stated in paragraph 2. If the option was in writing, as it is presumed to have been, its surrender was a sufficient consideration for the promise to return the notes, and the averments as made show a mutual rescission of the rent contract. This is a valid defense. The municipal court erred in striking the defendant's answer, and the superior court erred in not sustaining the certiorari. It is unnecessary to add anything further to what is said in the headnotes.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*