## 21216. SEAL *v.* STODGHILL.

Decided January 13, 1932. Rehearing denied February 16, 1932.

*John M. Seal, D. H. McWilliam,* for plaintiff in error.
*James J. Slaton, O'Glen Ray,* contra.

LUKE, J.   Woods H. Stodghill, an infant less than four years of age, by his stepfather, Ira A. Owen, as next friend, brought his action for damages against Mrs. U. S. Seal, alias Mrs. Bennie Seal, alleging that he was severely and permanently injured by falling through the back steps of a certain dwelling rented from the defendant by said Ira A. Owen.   Paragraph 3 of the original petition alleged that "on or about July 2, 1929, the aforesaid Ira A. Owen rented a house known as 560 Griffin street, Atlanta, Georgia, from the defendant herein."   Paragraph 4 was as follows:   "That at the said time said Ira A. Owen observed that the back steps had rotted away completely; and the said Ira A. Owen notified the said defendant of this condition of the steps and requested that she repair the same at once."   After the defendant had demurred, both generally and specially, the plaintiff amended the petition by striking said paragraphs 3 and 4 therefrom, and inserting in lieu thereof two other paragraphs, the main feature of which is that as a part of the rent contract, the defendant agreed to repair said steps "immediately."

It appears from the petition as amended that before entering into the alleged verbal contract of renting "during the latter part of June, 1929," the tenant "looked at said house and observed that the back steps to the same were in a rotten condition, and that one of the steps had rotted away completely;" that "as a part of said contract of rental with the said defendant, said defendant agreed that he would have said steps repaired immediately;" that the tenant and his family, including Woods H. Stodghill, moved into said house "on or about July 2, 1929;" that, "after he had moved into said house, he observed that the steps referred to had not been repaired," and "immediately notified" the defendant's agent of her "promise to have the same repaired;" and "that the aforesaid steps had not been repaired by July 18, 1929, and that on said date the plaintiff herein went upon said steps and fell through the place where a step was missing, said step being one of those that had rotted away completely."   After the amendment referred to had been allowed, and the original demurrer renewed and an additional

demurrer filed, the court entered the following order: "There was enough in the original petition to authorize the amendment allowed. The petition as amended shows that there was no waiver of the alleged defect at time of renting, but an agreement to repair and failure to do so. No negligence is imputable to the four-year old plaintiff, and it is for the jury to say if landlord had had a reasonable time in which to discharge the duty placed on him by law in the absence of a waiver. Therefore general demurrer is overruled. . . All special demurrers, viz., 2, 3, and 4 are overruled."

It being obvious that the special demurrers were not good, that there was enough in the original petition to amend by, and that the cause of action was not changed from one sounding in tort to one sounding in contract, we shall not discuss the demurrers raising the questions indicated. They are without merit. The case nearest in point, and the one on which the learned trial judge based his judgment, is that of *Williams* v. *Jones*, 26 *Ga. App.* 558 (106 S. E. 616). While that decision appears to run counter to many well-considered opinions in other jurisdictions, it is the law in this State; and, under it, we hold that the petition in this case as amended sets out a valid action as against the general demurrer.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*