## 25522. JENKINS *v.* ATLANTA POLICE RELIEF ASSOCIATION.

[redacted]

DECIDED SEPTEMBER 12, 1936.

[redacted]

*Ellis B. Barrett, Roberts & Nall,* for plaintiff.
*J. C. Savage, C. S. Winn, Bond Almand,* for defendant.

GUERRY, J. The petition alleged that the Atlanta Police Relief Association was indebted to the petitioner in the sum of $1000, plus interest from September 12, 1932, for the reason that her husband, G. A. Jenkins, was for many years before his death on August 21, 1932, a member of the Atlanta police force, and that sometime before August 9, 1928, the defendant association was organized by various members of the police force, having for its purpose the mutual benefit of its members and their benefici-

aries, and particularly the payment to the beneficiary, in case of the death of a member, of a sum of money dependent in its amount upon the number of members said association had at the time of the death of a member, but not exceeding an amount set forth in the certificate issued to said member; that on the date of the death of her husband there was a sufficient number of members in the association to authorize the payment to her of the maximum amount stated in the certificate held by her husband, to wit, $1000; that on August 9, 1928, the defendant issued to her husband a benefit certificate; that sometime before the death of the petitioner's husband he "had gotten in bad standing by failure to pay the dues and assessments due said association, and had some two or three weeks prior to his death made application to said association, through its duly-elected secretary, to be reinstated;" that he "was advised that in order to be reinstated he would have to pay in dues and assessments the sum of $10;" that "said sum was paid by her said husband to the secretary of said association, and said money was accepted by him some two weeks before her husband's death and retained until after his death;" that defendant has refused to recognize her husband as a member of the association, and has "further refused to furnish your petitioner, through her attorney, a copy of the by-laws of the association or permit him to examine a copy;" that "she has offered to comply with the requirements of the benefit certificate, but, being ignorant of the provisions of the by-laws, she does not know and can not allege whether the requirements thereof have been met, but alleges that if any of the same have not been complied with that it is due to the bad faith of the defendant in refusing to furnish petitioner with a copy of the same, so that she might have notice thereof;" and "that the acceptance of the money necessary for reinstatement by the secretary of said association and the retention of the same for some three weeks or longer and until after the death of her husband is a waiver of the right of said association to insist upon a forfeiture of said benefit certificate, and your petitioner's said husband was therefore a member in good standing at the time of his death." The defendant directed certain special demurrers to the petition. The pertinent portion of the judge's order is as follows: "The plaintiff alleges that the delivery of the $10 to

the secretary of the association constituted a reinstatement of the husband in said association. However, that conclusion is not based upon pleaded facts, and the special demurrers are directed against that conclusion of the pleader. The court is of the opinion that the plaintiff should set forth the manner in which a former member may be reinstated under the rules of the association, and allege compliance therewith. It is not enough to merely allege that $10 was handed to the secretary, and that that constituted a reinstatement. Wherefore the special grounds of the demurrer are sustained, and the plaintiff is required to amend as indicated in this order within twenty days from this date; in default of which the petition will stand as dismissed."

Exceptions pendente lite were taken to the order just quoted, but they can not avail the plaintiff where it appears that she acquiesced in the ruling by offering an amendment in attempted compliance therewith. "If the petitioner was of the opinion that his petition was sufficient without amendments, he should have stood upon it as originally drawn, and he could have then excepted to any adverse judgment affecting his rights under the petition as it was written before amendment." *Barley* v. *Horton,* 149 *Ga.* 605 (101 S. E. 680) ; *Baker* v. *Calloway,* 167 *Ga.* 908 (147 S. E. 562) ; *Farrer* v. *Edwards,* 144 *Ga.* 553 (87 S. E. 777) ; *Lavenden* v. *Haseman,* 157 *Ga.* 275 (121 S. E. 646). By meeting the ruling of the court by amending, he waives the right to except to the ruling that his pleadings are open to attacks made by the demurrer. Therefore exceptions pendente lite to such order do not raise any question for adjudication. The court having held that the petition was subject to demurrer, and having provided for its dismissal on failure to amend to meet the demurrer, and the amendment having failed to supply the deficiencies pointed out, the judge did not err in afterward dismissing the action.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*