## 28381. DODGE v. HUGGINS.

DECIDED JUNE 17, 1940.

Kennedy, Campbell & Therrell, J. H. Porter, for plaintiff in error.

John B. Ivins, Talmadge, Fraser & Camp, contra.

FELTON, J. In a suit for damages for injuries to a tenant, alleged to have been caused by defective premises, a verdict for the plaintiff will not be set aside on the ground that the landlord could not have discovered the defect alleged to have caused the injury in the repairing of another defect of which notice was given to the landlord, when the evidence was sufficient to authorize the finding that the defect alleged to have caused the injury was in existence at the time the premises were leased to the tenant, and that the landlord could have discovered it by the exercise of ordinary care. In this case the notice of defects in the premises was given at the time of the lease, and the defect upon which the suit was based of necessity had to be one in existence at that time. The jury found that the landlord was guilty of negligence in not discovering the defect and in not repairing it. The only two questions argued in the briefs for the plaintiff in error are, (1) whether the notice given the landlord was sufficient to charge him with the duty of repairing the defect pointed out, and (2) whether in the exercise of ordinary care in repairing the defect pointed out the landlord should have discovered the defect allegedly causing the injury. The landlord's duty to discover the defect arose from his duty under the law not to lease premises having a latent defect discoverable by the exercise of ordinary care. Robinson v. Odom, 35 Ga. App. 262 (133 S. E. 53); Wilson v. Elijah A. Brown Co., 62 Ga. App. 898 (10 S. E. 2d). He was thus charged regardless of notice. The only assignments of error were on the general grounds of the motion for new trial. The court did not err in overruling the motion.

Judgment affirmed. Stephens, P. J., concurs. Sutton, J., concurs in the judgment.