31868. HUGHES *v.* KISTLER.

DECIDED APRIL 10, 1948.  REHEARING DENIED APRIL 29, 1948.

888

*Yantis C. Mitchell,* for plaintiff in error.

*L. D. Burns Jr.,* contra.

SUTTON, C. J. (After stating the foregoing facts.) ■ The plaintiff in error contends that the court erred in overruling his objection to the amendment to the petition, on the ground that it set out a cause of action new and distinct from that declared on in the original petition and inconsistent therewith. This ground of the demurrer was properly overruled. The cause of action declared on in the original petition was one for treble damages for an alleged violation of the rent regulations promulgated by the Office of Price Administration under the provisions of the Emergency Price Control Act of 1942, as amended, in that the rent collected by the defendant of the plaintiff constituted a violation of that act. The amendment did not change the cause of action, but merely elaborated on the manner in

which the charges allegedly made by the defendant constituted a violation of the rent regulations. "So long as the facts added by the amendment, however different they may be from those alleged in the original petition, show substantially the same wrong in respect to the same transaction, the amendment is not objectionable as adding a new and distinct cause of action." *City of Columbus* v. *Anglin,* 120 *Ga.* 785, 793 (48 S. E. 318). Also see *Peerless Woolen Mills* v. *Pharr,* 74 *Ga. App.* 459, 464 (40 S. E. 2d, 106), and citations. The judge did not err in over-ruling the demurrer to the amendment, on the ground that it attempted to declare on a cause of action new and distinct from that declared on in the original petition.

■ One of the grounds of demurrer to the original petition, which was sustained by the court with leave to the plaintiff to amend, was that the petition did not show that it was filed within a year from the violation of the rent regulation relied on or the transaction which formed the basis of the action. The plaintiff in error contends that the amendment offered to the petition does not meet the judgment of the trial judge on the demurrer, and that the court, therefore, lost jurisdiction of the case, or that the court should have sustained the demurrer of the plaintiff in error to the amended petition and dismissed the action. Where, on demurrer to a petition, an order is entered requiring that the petition be amended by setting forth certain facts construed by the court to be material to the cause of action and that, in default of such an amendment within a specified time, the petition shall "stand dismissed," in the absence of timely exception and writ of error therefrom, if the plaintiff fails to conform to its terms a dismissal of the action automatically results, or a formal order of dismissal is proper. *Howell* v. *Fulton Bag & Cotton Mills,* 188 *Ga.* 488, 489 (4 S. E. 2d, 181); *Jenkins* v. *Atlanta Police Relief Assn.,* 54 *Ga. App.* 209 (187 S. E. 597). The original petition filed by the plaintiff did not al-allege the date when the alleged overpayment was made to the defendant. The amendment alleges that the overcharge or violation complained of was the wilful failure to return to the plaintiff a security deposit taken on July 15, 1946, within 30 days after July 25, 1946, the date fixed by the rent regulations. If the allegations of the amendment are sufficient to show that

the alleged violation which forms the basis of the plaintiff's action occurred within a year next preceding the filing of the petition, the amendment is sufficient to meet the judgment on the demurrer.

The amended petition alleged that the defendant, as landlord, charged and collected of the plaintiff a security deposit on July 15, 1946, and wilfully failed to refund the same to him within 30 days after July 25, 1946. Section 2 (d) (1) of the Rent Regulations for Housing issued by the Office of Price Administration, on October 15, 1946, provides in part: "No person, on or after September 1, 1944, shall demand or receive a security deposit for or in connection with the use or occupancy of housing accommodations within the Defense Rental Area or retain any security deposit received prior to or on after September 1, 1944, except as provided in this paragraph (d). The term 'security deposit,' in addition to its customary meaning, includes any prepayment of rent, except payment in advance of the next periodic installment of rent for a period no longer than one month." And § 2 (d) (8) of said regulation provides: "Notwithstanding the preceding provisions of this paragraph (d), the demand, receipt, or retention of a security deposit contrary to such provisions between June 30, 1946, and July 25, 1946, shall not be a violation of this regulation; provided, however, that the landlord shall refund such security deposit to the tenant within 30 days after July 25, 1946."

On July 25, 1946, the Office of Price Administration issued the following interpretation of § 2 (d) of said rent regulations: "By virtue of Amendment 97 of the Housing Regulation . . it has been provided that any security deposit received or retained during the period between June 30, 1946 and July 25, 1946, contrary to the provisions of Section 2 (d) of the Housing Regulation . . shall be refunded to the tenant within 30 days from July 25, 1946. Although the demand, receipt, or retention of such a security deposit during said period shall not be deemed a violation, the failure to make the refund in accordance with the provisions of these amendments does constitute a violation. Since the term 'security deposit,' in addition to its customary meaning, includes any prepayment of rent except payment in

advance of the next periodic installment of rent for a period of no longer than one month, the amendments above referred to also require the refund to the tenant within 30 days of any prepayment of rent contrary to the Regulations."

While the interpretation of a Federal rent regulation by the Office of Price Administration is not binding on the courts, it is persuasive in this respect; and we think that it is the proper construction to be placed on the rent regulation involved in this case. See *Hyde* v. *Fornara,* 74 *Ga. App.* 438 (4) (40 S. E. 2d, 151), and citations. The retention by the defendant of a security deposit taken from the tenant on July 15, 1946, and his failure to refund the same to the tenant within 30 days after July 25, 1946, constituted a violation of the rent regulations above mentioned. The plaintiff could not have brought action to obtain a refund of the security deposit prior to the expiration of 30 days from July 25, 1946, as the defendant was given that period of time to voluntarily refund the same to the tenant. Upon the defendant's failure to refund the security deposit within 30 days from July 25, 1946, a cause of action arose in favor of the plaintiff against the defendant. The retention of the security deposit after the 30-day period and failure to refund the same constituted a violation of the rent regulations, and the petition was filed within one year of the time when the cause of action accrued. In this connection, see Matheny *v.* Porter, 158 Fed. 2d, 478. The trial judge did not err in overruling the demurrers to the petition, that the amendment did not comply with the judgment on the original demurrers, and that the amended petition failed to allege that the action was brought within one year of the violation complained of as the basis of the action.

■ The plaintiff in error contends that the allegations of the petition show that, at the time the rent was collected in advance, there was no law to make the transaction an overcharge, and that the act of Congress renewing the original act, which expired on June 30, 1946, specifically provided: "That no act or transaction, or omission or failure to act, occurring subsequent to June 30, 1946, and prior to date of enactment of this act shall be deemed to be a violation of the Emergency Price Control Act of 1942, as amended, or any regulation, order, price schedule,

or requirement under either of such acts." Pub. Law, 548, § 18, 79th Cong. 2nd Session. And it is contended that, under this general amnesty clause, the action of the Administrator of Price Administration. and Housing Expediter in promulgating the rent regulations making the retention of a security deposit illegal was ultra vires and void. While regulations exceeding statutory authority are void (Osborn v. United States, 145 Fed. 2d, 892 (2)), we think that the regulations involved in the present case come within the general purview of the act and are valid and enforceable. The trial judge did not err in overruling the demurrers attacking the petition upon the ground that the regulations involved were void or that the defendant was relieved from all liability by reason of the general amnesty clause above referred to.

■ It is also contended by the plaintiff in error that the violation claimed was not such a violation as would support an action for treble damages. This contention can not be legally sustained. The retention by the defendant of a security deposit in violation of the regulations of the Office of Price Administration was the retention of a greater sum as rent for a housing accommodation than legally permissible under the regulations then in effect. While the demanding and acceptance of the security deposit on July 15, 1946, was not a violation of law, its retention after the expiration of 30 days from July 25, 1946, was illegal and a violation of the rent regulations then in effect. The petition as amended charged the defendant with retaining a greater sum for the rental of the property involved than was legal, under the rent regulations then in effect, and that this constituted such a violation of the regulations and laws as authorized the recovery of treble damages. The petition alleged that the maximum rent on the housing accommodation in question was $55 per month, and that the defendant charged and collected $75 per month for it, which was an overcharge of $20 per month, or a total overcharge of $233.40 for the term in which the plaintiff remained in possession of the premises. Under these allegations of the amended petition, the plaintiff would be entitled to recover treble damages and attorney's fees and costs, since it was further alleged that the defendant acted wilfully ,in retaining the overcharge. In this connection, see Emergency Price Control Act of

1942, as amended, U. S. C. A. War Appendix, Title 50, § 925 et seq.

■  The other grounds of special demurrer were without merit.

■  The petition, as amended, set out a cause of action and was not subject to the demurrers urged against it, and the judge did not err in overruling the demurrers thereto.

For authorities in support of this decision, see: Woods, Housing Expediter, v. Stone, and citations (U. S.), 68 Sup. Ct. 624 (No. 392, decided March 15, 1948); Woods v. Cobleigh, D. C. New Hampshire, 75 Fed. Supp. 125, pp. 128, 129; Woods v. Schmid, 5 Cir. 164 Fed. 2d, 981; Porter v. Butts, D. C. Ohio, 68 Fed. Supp. 516; Porter v. Sandberg, D. C. Arkansas, 69 Fed. Supp. 29, at 30 and 31. Also see *Morgan* v. *Limbaugh*, 75 *Ga. App.* 663 (44 S. E. 2d, 394); *Cohen* v. *Begner*, 75 *Ga. App.* 520 (43 S. E. 2d, 749).

Pursuant to the act of the General Assembly, approved March 8, 1945 (Ga. L. 1945, p. 232, Code, Ann. Supp., § 24-3501), requiring that the full court consider any case in which one of the judges of a division may dissent, this case was considered and decided by the court as a whole.

*Judgment affirmed. Sutton, C. J., MacIntyre, P. J., Gardner and Parker, JJ., concur. Townsend, J., concurs specially. Felton, J., dissents.*

Townsend, J., concurring specially. The rent regulation, its interpretation, and the act of Congress pursuant to which the same was allegedly prescribed are all set forth in the decision herein. Reference thereto indicates to me clearly that the rent regulation and its interpretation amounts to a violation of the act of Congress extending the prior Rent Regulation Act.

Notwithstanding this glaring conflict between the act of Congress and regulations purporting to be made pursuant thereto, under many decisions, the validity of regulations can be determined only by the Emergency Court of Appeals. See 50 U.S.C.A. App. Supp. V, Sec. 924; Bowles v. Willingham, 321 U. S. 503 (64 Sup. Ct. 641, 88 L. ed. 892); Woods v. The Cloud W. Miller Co., 333 U. S. 138 (68 Sup. Ct. 421); Woods v. Cobleigh, 75 Fed. Supp. 125; Woods v. Schmid, 164 Fed. Rep. 2d, 981, and Woods v. Stone (U. S.) 68 Sup. Ct. 624.

Undoubtedly, had the validity of this regulation been tested in that forum, it would have been held ultra vires and void. Since this action was not taken, this court can only recognize this obviously unauthorized regulation as valid, it being without jurisdiction to declare it invalid.

The writer, speaking for himself only, regards as unwholesome legislation which requires a court to recognize as valid the regulation of a board or bureau which is in direct conflict with a law duly enacted by a constitutional law-making body. Confusion can only result in the continued policy of the enactment of laws by the Executive branch of the Government in the form of bureau rules and regulations; a condition that can only be corrected by a return to the original constitutional scheme of keeping separate the three branches of our Government.

FELTON, J., dissenting. The act extending the Price Control Act provided: "Provided further, That no act or transaction, or omission or failure to act, occurring subsequent to June 30, 1946 and prior to date of enactment of this act shall be deemed to be a violation of the Emergency Price Control Act of 1942, as amended, or the Stabilization Act of 1942, as amended, or any regulation, order, price schedule, or requirement under either of such acts." It follows that neither an overcharge of rent under the original acts nor the collection of advance rent between June 30, 1946, and July 25, 1946, when the extension act was passed, would be a violation of the acts named above nor of regulations thereunder. Since the extension act does not provide that it shall have a retroactive effect in and of itself, there has been no violation of a valid law, rule or regulation in this case. The regulation providing for a refund of security deposits made during the interim mentioned above, when there was no maximum rent law in effect, was void and ineffectual, in that it is contrary to the act itself. Furthermore, the regulation is not one which deals with an overcharge except as an advance payment is considered an overcharge. It does not provide for the refund of excess rent charges but contemplates only the advance payment of legal charges. If the tenant can, under any view of the law, be entitled to triple damages for an overcharge, the action falls because it was not instituted within twelve months from the pay-

ment of the overcharges. If he can recover under any theory of the law for damages for advance payments, the damages would not be the amount of the alleged overcharges, but would be three times the amount of interest the payment in advance would amount to according to the maximum rates fixed by law, for the reason that when the charges were made and paid they were not illegal. However, I do not think that under the law the tenant can recover anything under any theory, since his contract and payment were legal when made and are not made illegal retroactively by any law which I have been able to discover. An act, legal at the time it is committed, cannot be made penal by a mere administrative order thereafter. Bowles v. Griffin, 151 Fed. 2d, 458. See also Kersten v. United States, 161 Fed. 2d, 339.

This court has jurisdiction to rule on the validity of the regulation, because the regulation was not primarily one designed as a regulation to fix maximum rents. It was a mere effort to make something illegal which Congress had said was legal. Furthermore, as I interpret the ruling in Woods v. Stone (U. S.), 68 Sup. Ct. 624, there is no liability for triple damages for excess rent charges until there has been a specific order of refund after a finding by the OPA of the fact of overcharge. The mere violation of the general provision that an overcharge should be refunded in 30 days, in the absence of a trial and opportunity by the landlord, to be heard, does not authorize a suit for triple damages where the question of whether there was an overcharge has to be determined in the court in which the triple damages are sought.