34521, 34522.   WEEN *v.* SAUL *et al.* (two cases).

DECIDED MAY 27, 1953.

*Mortimer Freeman, J. Ralph McClelland, Jr., John L. West-moreland, John L. Westmoreland, Jr.,* for plaintiffs in error.
*Ferdinand Buckley, Marshall, Greene, Baird & Neely,* contra.

302

WORRILL, J. While the landlord is not an insurer of the safety of persons lawfully on the premises, he is nevertheless responsible for injuries resulting from his negligent failure to repair a defect after he has notice of the same, and he is likewise liable for injuries resulting from latent defects in the premises which might reasonably have been discovered upon the repair of the defects of which he had notice. The only duty of care resting on the tenant is to refrain from using those portions of the premises which are patently defective or dangerous; but when the landlord is notified that the premises are out of repair, it becomes his duty to inspect the premises and to make such repairs as the safety of his tenants requires. *Gledhill* v. *Harvey*, *55 Ga. App.* 322 (190 S. E. 61). These propositions are so well settled that the only difficulty about them lies in their application to particular facts.

In the instant case, the allegations of the petition show that the plaintiff tenants first noticed a defective condition in the plaster on the ceiling of the bedroom of their apartment rented from the defendants about two weeks after they first occupied the same, that they immediately notified the defendants' agent of the condition, and that the agent promised them that repairs would be made promptly. Thereafter, during the course of some seven months, according to the allegations, the agent of the defendants was repeatedly advised of the condition and requested to make repairs, and also during that time the premises were inspected by the defendants personally. These latter allegations go merely to show actual knowledge of the defect on the part of the defendants. During that seven-month period, the defendants failed to make the requested repairs to the ceiling, and in January, 1951, seven months after the plaintiffs first noticed the three-foot area of sagging ceiling, another portion of the plaster, across the room from that which was patently defective, fell and inflicted the injuries sued for. In our view the allegations of the petition bring the case squarely within the rules set forth above. Applying the general rule that questions of negligence, diligence, and contributory negligence are jury questions, it is a question for the jury in this case whether the defect which injured Mrs. Ween was a latent or patent one such as would have charged the plaintiffs with knowledge of the danger attendant in using the portion of the bedroom that they were us-

ing at the time Mrs. Ween was injured; and it was likewise a jury question as to whether a reasonable inspection of the premises in connection with the repair of the patent defect of which the defendants had notice would have revealed to the defendants the defective condition which resulted in the injuries to Mrs. Ween. *Harris* v. *Riser*, 30 *Ga. App.* 765, 769 (119 S. E. 432). See also *Mathis* v. *Gazan*, 51 *Ga. App.* 805 (181 S. E. 503).

It follows that the trial court erred in each case in sustaining the general demurrers and in dismissing the action.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*