35213.   WORSHAM *v.* PALMER.

Decided July 9, 1954.

*Samuel L. Eplan, Frank D. Holcomb,* for plaintiff in error.
*C. Eugene Gilbert, Wendell J. Helton,* contra.

GARDNER, P. J. ■ The defendant contends that the court

erred in not sustaining the general demurrer to the original petition as amended, because the amendment filed did not add any new facts or any sufficient facts, construed with the original petition, to set out a cause of action. As to this phase of the defendant's contention, counsel calls attention to the following decisions: *Jones* v. *Butler*, 191 *Ga.* 126 (12 S. E. 2d 326); *Wood* v. *Southern Trust Co.*, 12 *Ga. App.* 155 (76 S. E. 991); *Baker* v. *City of Atlanta*, 22 *Ga. App.* 483 (96 S. E. 332); *Pasco Flour Mills Co.* v. *City Supply Co.*, 23 *Ga. App.* 95 (97 S. E. 558); *Garmany* v. *Henson*, 30 *Ga. App.* 100 (117 S. E. 107); *Jenkins* v. *Atlanta Police Relief Assn.*, 54 *Ga. App.* 209 (187 S. E. 597); *Lavenden* v. *Haseman*, 157 *Ga.* 275 (121 S. E. 646).

The defendant further calls our attention to *Weyman* v. *Maynard*, 24 *Ga. App.* 94 (100 S. E. 25), in which this court held that, if prior to the tenant's injuries, dangerous defects in the premises were actually known to the tenant or were so plainly observable that the tenant must necessarily have had equal opportunity with the landlord to discover and understand the defects, the landlord would not be liable for injuries sustained as a result of such defects. *Kleinberg* v. *Lyons*, 39 *Ga. App.* 774 (148 S. E. 535) and *Mendel* v. *Lyons*, 39 *Ga. App.* 783 (148 S. E. 540), held that, if the tenant knows of dangerous conditions of the premises, and continues to use same, recovery for injuries will not lie. See *Finley* v. *Williams*, 45 *Ga. App.* 863 (166 S. E. 265), to the same effect. In *King* v. *Investors Mortgage &c. Co.*, 51 *Ga. App.* 235 (1) (179 S. E. 910), this court held that the landlord is not liable if the tenant knows as much about the premises as the landlord. Our attention is called also to *Cone* v. *Lawhon*, 61 *Ga. App.* 797 (3) (7 S. E. 2d 597), in which this court held simply that notice or knowledge by a landlord of separate and independent patent defects in no way connected with latent defects, which latent defects allegedly caused injuries to the tenant, could not be taken as conclusive notice to the landlord of latent defects or as devolving upon the landlord any duty of inspection. Those are not the facts as alleged in the amended petition. Under the allegations of the instant petition, the patent defects were connected with the latent defects which allegedly occasioned injuries to the plaintiff. The defendant calls our attention to *Waddell* v. *Wofford Oil Co.*, 84 *Ga. App.* 617 (66

S. E. 2d 806). In that case the court held that the landlord is not liable for patent defects which are known also or which the tenant had means of knowing equal to the landlord, at the time the premises were rented to the tenant. The allegations of fact in that case are not of sufficient similarity to the allegations of fact in the instant case to render the landlord in the instant case not liable. The defendant calls our attention to *Ween* v. *Saul*, 88 *Ga. App.* 299 (76 S. E. 2d 525). It will be noticed that in that case the court held that the plaintiff was entitled to proceed under her petition where she knew that a certain portion of the plaster was loose and she moved her bed to another portion of the same room where the plaster appeared to be sound. The trial court sustained a demurrer to her petition, and this court reversed the trial court. We do not think that the allegations of fact in that case support the contentions of the defendant in the instant case.

■ Again referring to *Ween* v. *Saul*, supra, this court held as follows: "The petitions in these cases being actions for damages resulting to a tenant from a defect in the premises of which the landlord had actual or constructive notice, stated causes of action and the trial court erred in sustaining the general demurrers and in dismissing the actions."

In *Shattles* v. *Blanchard*, 87 *Ga. App.* 15 (1) (73 S. E. 2d 112), it was held: "The question of what is reasonable time for the performance of an act required to be performed upon 'reasonable notice,' is usually, if not always to be determined by the character of the act contemplated, considered with its purposes and the attendant facts and circumstances. Accordingly, where, as here, the only means of ingress and egress from an apartment rented by the landlord is a set of outside steps, whether two days' notice of a defect in the steps is such reasonable notice as would raise a duty on the part of the landlord to repair same within such period of time is a jury question."

Headnote 2 of that same opinion held: "Questions as to negligence and contributory negligence are, except in plain and indisputable cases, for the determination of the jury, and where the allegations of the petition do not, even when construed against the pleader, demand the conclusion that the plaintiff's own negligence so preponderated as to preclude a recovery by her, this issue should be left for determination by a jury."

On page 18 of that same opinion this court held: "Except in clear and palpable cases it is a jury question as to whether the plaintiff was in the exercise of ordinary care for her own safety."

On page 16 of that same opinion this court held: "Notice of a defect given by the tenant to the landlord, charges the latter with notice of any, and all other defects such as might reasonably have been discovered by a compliance with a request for repairs."

In *Stack* v. *Harris*, 111 *Ga.* 149 (36 S. E. 615), the Supreme Court held: "Though a landlord will not be liable in damages for injuries to a tenant resulting from the defective condition of a plank in the floor of the rented building, of which the landlord had no notice, a petition which alleges that the plaintiff, a tenant, was injured by reason of such a defect and that the landlord, the defendant, had notice of the 'defective condition of the floor,' sufficiently alleges as against a general demurrer, that the defendant had notice of the defective condition of the plank."

See, in this connection, *Shaddix* v. *Eberhart*, 55 *Ga. App.* 498 (190 S. E. 408); *Kimpson* v. *Wingo*, 84 *Ga. App.* 189 (65 S. E. 2d 837); *Seal* v. *Stodghill*, 44 *Ga. App.* 643 (162 S. E. 638); *Marr* v. *Dieter*, 27 *Ga. App.* 711 (2) (109 S. E. 532); *MeYere* v. *Withers*, 15 *Ga. App.* 688 (84 S. E. 163).

Under the allegations of this petition, the court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*