The ordinances hereinafter set out and relied upon by the City of Atlanta in this case are penal in their nature. Penal ordinances require a strict construction. Johnson v. State, 1 Ga. App. 195 (58 S.E. 265). After a careful analysis of the ordinances in question, and strictly construing all of them together as required, we are unable to find a requirement that a permit must be obtained for repairs to buildings or structures. On the other hand, section 6, of "Extracts of Building Code recommended by the National Board of Fire Underwriters, 1943 Edition" expressly provides no such permits shall be required. The reroofing of the house, giving the ordinance the strict construction required constitutes repairs and not alternations. Whittle v. Webster, 55 Ga. 180. It therefore follows that the recorder should have sustained the demurrer to the accusation, and the judgment of the superior court holding to the contrary is error.
Judgment reversed. MacIntyre, P. J., and Gardner, J.,concur.
 DECIDED JUNE 14, 1947.
Otis Berry was accused in the Recorder's Court of the City of Atlanta of a charge consisting of reroofing a house without a permit from the City of Atlanta. Berry filed a demurrer in the recorder's court to the accusation contending in substance, that there is no ordinance of the city requiring such a permit, and that if certain ordinances should be so construed the same are unconstitutional and are void for being arbitrary and unreasonable. The demurrer had attached thereto as exhibits certain ordinances of the city including certain adopted excerpts from building codes. Said ordinances are herewith set forth in full, as follows:
 Exhibit A.
"An Ordinance Adopting the Building Code Recommended by the National Board of Fire Underwriters, 1943 Edition, as the Building Code of the City of Atlanta.
Be it ordained by the Mayor and General Council of the City of Atlanta as follows:
"Section 1. That all matters concerning, affecting or relating to the construction, alternation, repairs, removal, demolition, equipment, use and occupancy, location and maintenance of buildings or structures, erected or to be erected in the City of Atlanta shall conform to the Building Code recommended by the National Board of Fire Underwriters, 1943 Edition, except insofar as such *Page 279 
matters are otherwise provided for in the charter or ordinances of the City.
"Section 2. No building or structure shall hereafter be constructed, altered, repaired, or removed nor shall the equipment of a building, structure or premises be constructed, installed, altered, repaired or removed except in conformity with the provisions of said Building Code, and in particular after a permit has been issued by the Building Inspector as therein provided.
"Section 3. Any person who shall violate any of the provisions of said code or this ordinance shall be guilty of an offense against the City of Atlanta and upon conviction thereof in the Recorder's Court, shall be fined not exceeding $500.00 or imprisoned not exceeding 30 days for each separate offense, either or both penalties to be inflicted in the discretion of the Recorder.
"Section 4. All ordinances and parts of ordinances in conflict herewith are hereby repealed.

"(Seal of the Clerk of Council
City of Atlanta, Georgia) Adopted By General Council
 Dec. 3, 1945.
 Approved Dec. 7, 1945."
 Exhibit B.

"Extracts of Published Ordinances of the City of Atlanta, Entitled `Departments of Buildings, the Building Code of the City of Atlanta, Effective Feb. 7, 1924, Reprinted in 1944.'
"Section 1. This Ordinance to be Known and Cited as theBuilding Code. The following provisions shall constitute and be known as the Building Code, and may be cited as such and presumptively provides for all matters concerning, affecting or relating to the construction, equipment, alteration, repair or removal of buildings or any structure whatsoever erected or to be erected in the City of Atlanta.
"Section 5. Filing Plans and Statements. 1. Before the erection, construction or alteration of any building or structure, or part of same and before the installation or alteration or the plumbing, drainage, piping, or wiring of any building, structure or premises is begun, there shall be submitted to the Inspector of Buildings an application on appropriate blanks to be furnished by the Inspector of Buildings containing a detailed statement of the specifications including the maximum live load for which each *Page 280 
floor is designed when floor construction is involved in the proposed work, and accompanied by a full and complete copy of all necessary plans of such proposed work and such detail structural drawings thereof as the Inspector may require. An affidavit shall also be filed stating the proposed maximum number of persons to be accommodated at one time on each floor above the first story, and the proposed purpose for which each story is intended.
"2. Application to be attested. The application shall contain a sworn statement giving the full name, residence and business address (by street and number, whenever possible) of the owner of the building and of the owner of the premises upon which the building or structure is to be erected, altered or removed, or in which the installation or alteration or plumbing, drainage, piping or wiring is to be made. The application shall describe the location of the building, structure or premises, giving the name and address of the responsible party or parties to whom notices shall be sent for any violation of this Code which may occur during construction or alteration, and the name and address of the architect or other representative duly authorized to perform or have performed said work.
"3. Application to be made by owner or representative. The application and statement shall be made by the owner or lessee of the entire building, or by an architect, builder or other duly authorized representative of the owner or lessee.
"8. Amendments. Amendments to applications, plans, and detail drawings may be made and the Inspector of Buildings shall approve them provided the application, plans, and detail drawings, when so amended, shall be in conformity with the provisions of this Code and the requirements of the Inspector of Buildings in relation thereto.
"9. Revocation of Approval. The Inspector of Buildings shall have power to revoke any approval for any material departure from the approved applications, plans, and detail drawings, or in any case any false statement or representation as to a material fact relating to the erection, alteration, or removal of the building has been made.
"10. Limitation of Six Months. All approvals of applications, plans, and detail drawings, and amendments thereto, shall expire by limitation, six months from the date of the original approval *Page 281 
of the applications, plans and detail drawings, but the limitation shall not apply to the erection of a new building under approved applications, plans, and detail drawings, when work thereunder has been begun and carried on with reasonable continuity within six months from the original approval thereof, when the work to be performed is lawful, and can be carried on without violating any provision of this Code.
"11. Ordinary Repairs. Ordinary repairs of buildings or structures, or of the plumbing, drainage, or piping thereof, the cost of which shall not exceed fifty dollars, may be made without notice to the Department of Buildings, but such repairs shall not be construed to include the removal of any stone, concrete or brick wall, or any portion thereof; the removal or cutting of any beams or supports, or the removal, change or closing of any staircase, or opening in the exterior wall; or the alteration or removal of any house sewer, private sewer, or drainage system, or soil waste or vent pipe; or repairs or alteration of light or power wiring.
"12. Approval or Rejection of Plans. It shall be the duty of the Inspector of Buildings to approve or reject any plan filed with him pursuant to the provisions of this section within a reasonable time."
 Exhibit C.

"Extracts of `Building Code Recommended by the National Board of
 Fire Underwriters, 1943 Edition'
 "Section 102. Application for Permit. 1. When required. It shall not be lawful to construct, alter, remove or demolish, or to commence the construction, alteration, removal or demolition of a building or structure without first filing with building official an application in writing and obtaining a formal permit.
"2. Form. (a) An application for a permit shall be submitted in such form as the building official may prescribe.
"(b) Such application shall be made by the owner or lessee, or agent of either, or the architect, engineer or builder employed in connection with the proposed work. If such application is made by a person other than the owner in fee, it shall be accompanied by a duly verified affidavit of the owner in fee or the person making the application that the proposed work is authorized by the owner in fee and that the person making the application is authorized to make such application. *Page 282 
"(c) Such application shall contain the full names and addresses of the applicant and of the owner, and, if the owner is a corporate body, of its responsible officer.
"(d) Such application shall describe briefly the proposed work and shall give such additional information as may be required by the building official for an intelligent understanding of the proposed work.
"3. Plans. Applications for permits shall be accompanied by such drawings of the proposed work, drawn to scale, including when necessary floor plans, sections, elevations and structural details, as the building official may require.
"4. Plot diagram. When required by the building official, there shall be filed also a plot diagram in a form and size suitable for filing permanently with the permit record, drawn to scale, with all dimensions figured, showing accurately the size and exact location of all proposed new construction and the relation to other existing or proposed structures on the same lot and other structures on adjoining property within ten feet of the property lines, or, in the case of demolition, of such construction as is to be demolished, and of all existing buildings and structures that are to remain.
"5. Amendments. Nothing in this section shall prohibit the filing of amendments to an application or to a plan or other record accompanying same, at any time before the completion of the work for which the permit was sought. Such amendments, after approval, shall be filed with and be deemed a part of the original application.
"6. Repairs. Repairs to buildings or structures may be made without filing an application or obtaining a permit.
"7. Completion of existing buildings. Nothing in this ordinance shall require changes in the plans, construction or designed use of a building for which a lawful permit has been heretofore issued or which has been otherwise lawfully authorized and the construction of which shall have been actually begun within ninety days after this ordinance becomes effective and which entire building shall be completed, as authorized, within two years thereafter.
"Section 103. Permits. 1. Action on application. It shall be the duty of the building official to examine applications for permits, within a reasonable time after filing. If, after examination, *Page 283 
he finds no objection to the same and it appears that the proposed work will be in compliance with the laws and ordinances applicable thereto and the proposed construction or work will be safe, he shall approve such application and issue a permit for the proposed work as soon as practicable. If his examination reveals otherwise, he will reject such application, noting his findings in a report to be attached to the application and delivering a copy to the applicant.
"2. Approval in part. Nothing in this section shall be construed to prevent the building official from issuing a permit for the construction of part of a building or structure before the entire plans and detailed statements of said building or structure have been submitted or approved, if adequate information and detailed statements have been presented for the same and have been found to comply with this ordinance.
"7. Posting of permit. (a) A copy of the permit shall be kept on the premises open to public inspection during the prosecution of the work and until the completion of the same.
"(b) The building official may require a certified copy of the approved plans to be kept on the premises at all times from the commencement of the work to the completion thereof.
"(c) The building official shall be given at least twelve hours notice of the starting of work under a permit.
"8. Revocation. The building officials may revoke a permit or approval issued under the provisions of this ordinance in case there has been any false statement or misrepresentation as to a material fact in the application or plans on which the permit or approval was based."
 Exhibit 2.
"Additional Extracts of Published Ordinances of the City of Atlanta, Entitled `Departments of Buildings, the Building Code of the City of Atlanta, Effective Feb. 7, 1924, Reprinted in 1944' (cited by counsel for the City of Atlanta in said hearing before the recorder)
"Section 5 (7). All work to be executed in Accordance withSpecifications. The erection, construction, or alteration of said building, structure, or any part thereof, and the installation or alteration of the said plumbing, drainage, piping or wiring, shall not be commenced or proceeded with, except after written approval by the Inspector of the applications, plans and detail drawings, *Page 284 
and the issuance of a written permit, and the work shall strictly conform to such applications, plans, detail drawings, and permits. In case adequate plans and statements are presented, the Inspector of Buildings, may, at his discretion, issue an approval and permit for the construction of a part of the building before the approval of applications and plans of the complete structure.
"Section 80. Roof coverings. 1. All buildings except those specifically mentioned in paragraph 2 of this section shall have roof coverings of standard quality, such as
 (a) Brick or Concrete surface.
 (b) Clay or Portland Cement Tile.
 (c) Tin or Slate.
 (d) Asbestos shingles 1/8 in. thick or thicker.
 (e) Pitch or felt, built up type, four or five plies, gravel or
 slag surface.
 (f) Asbestos-Asphalt, built up type, four or five plies, smooth
 or grit surface.
 (g) Other types of coverings having equivalent fire resisting
 properties, approved and labeled by the Underwriters'
 Laboratories, Inc., Chicago, Ill.

"2. All of the following classes of buildings may be covered with coverings set forth above in paragraph 1 of this Section, or with Standard Asphalt-Rag-Felt prepared roofing or Asphalt-Rag-Felt shingles, or by other types of covering having equivalent fire resisting properties, when approved and labeled by the Underwriters' Laboratories, Inc., Chicago, Ill.
 (a) Dwellings.
 (b) Frame Buildings.
 (c) Buildings not exceeding two stories, or 30 feet in height
 and 2,500 square feet in area, and not used for factories,
 warehouses or mercantile purposes.

"3. The top and sides of dormer windows shall be covered same as roof, or with other material having equivalent fire resisting properties.
"4. (a) If a wood shingle roof is damaged by fire, more than 20%, the entire roof shall be replaced with material specified in paragraphs 1 and 2 of this Section.
"(b) If a wood shingle roof is to be repaired more than 10% *Page 285 
in any one year, the same shall be entirely replaced with materials specified in paragraphs 1 and 2 of this Section, except as specified in paragraph 4 (a).
"5. The Inspector of Buildings shall have power to condemn and have removed any wood shingle roof that in his opinion is in such a deteriorated condition as to be excessively inflammable.
"6. After June 11, 1929, any and all roofs covered with wood shingles shall be replaced with roof coverings which comply with this Section.
"7. The wooden planking and sheathing of roofs shall not in any case be extended across side or party walls.
"8. Any roof having a pitch over 60 degrees, placed on any building over 40 feet high, except towers or church spires as specified in Section 186 shall be constructed of iron or steel frames filled with fire-resistive material not less than 3 1/2 inches thick, and shall be covered with approved roofing.
"9. All flashings shall be of metal or other material approved by the Inspector of Buildings properly incorporated with the roofing material.
"Section 317, Punishment for Violation of Provision of Code.
1. Violation an Offense. A person who shall construct, alter, remove or maintain a building or structure or any of its appurtenances in violation of any of the provisions of this Code shall be guilty of an offense, punishable by a fine of not more than two hundred dollars or by imprisonment not exceeding 30 days, either or both penalties to be inflicted in the discretion of the Recorder. If such violation shall be removed or in process of removal within 10 days after the service of a notice of violation and shall be actually removed within a reasonable time, the liability for all or a portion of such penalty may cease, in the discretion of the Recorder. Whenever it shall be necessary in the opinion of the Inspector of Buildings in order to carry out or enforce any of the provisions of this code, he may and shall have authority to call on the Police Department for aid and assistance, and it shall be the duty of the Police Department when called upon by the Inspector of Buildings to co-operate with the said Inspector of Buildings in order to enforce or put into effect any of the provisions of this Code.
"2. Courts having jurisdiction for Enforcement of Penalties.
For the enforcement of a penalty a case may be made in the name of the City of Atlanta in the Recorder's Court." *Page 286 
According to the contentions of both parties the foregoing ordinances and excerpts from building codes constitute all the ordinances of force in the City of Atlanta having any relation to this case.
The court overruled the demurrer and upon the trial Otis Berry was convicted and sentenced by the recorder to pay $10 and costs. Within the required time he applied for a writ of certiorari, which was sanctioned by Honorable Frank A. Hooper, Judge of the Superior Court of Fulton County. The defendant's petition for certiorari assigning error on the judgment of the recorder overruling the demurrer and convicting him was denied, and Berry brings error.