JAMES J. WHITTLE, plaintiff in error, *vs.* JOSEPH E. WEBSTER, defendant in error.

When a landlord rents a store-house to a tenant for the purpose of selling goods therein, in the absence of the tenant's knowledge to the contrary, the law will presume that it is in a condition suitable for the purpose for which it was rented by the tenant, and if it is not, and damage results to the tenant's goods in consequence of the defective condition of the rented premises, the landlord is liable therefor; and if after the premises have been rented, the same become unfit by reason of the roof of the house becoming leaky, or other similar cause, so as to render the house unsuited for the purpose for which it was rented, the landlord is bound, upon notice being give to him of the defect by the tenant, to make the necessary repairs within a reasonable time thereafter.

Landlord and tenant.    Repairs.    Before Judge JAMES JOHNSON.    Muscogee Superior Court.    May Term, 1875.

Reported in the decision.

D. H. BURTS; W. A. LITTLE; PEABODY & BRANNON, for plaintiff in error.

BLANDFORD & GARRARD, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant to recover damages alleged to have been sustained to the plaintiff's goods in consequence of the leaky condition of a certain described store-house rented by the plaintiff from the defendant, in the city of Columbus.

On the trial of the case there was evidence introduced on both sides in relation to the damage done to the plaintiff's goods, and as to the condition of the store-house whilst the same was occupied by the plaintiff. The jury, under the charge of the court, found a verdict in favor of the defendant. The court charged the jury, amongst other things, in substance, as follows: "When one rents a lot and house thereon, he takes them for better or for worse, and if defendant rented a store-house to the plaintiff, and the house was in a certain

condition at the time of renting, the defendant was not bound by such renting to put other or more repairs thereon than were necessary to keep the house in the same condition it was when rented. If the house rented was subject to leakage from rain at the time rented, and being thus subject to leakage and the goods of the defendant were damaged from leakage to which it was subject at the time rented, the defendant is not liable for such damage to the plaintiff's goods. It is the duty of the landlord to put such repairs on the rented premises as will keep them in the condition they were when rented, thus much and no more, and a landlord does not insure against leakage and damage therefrom to the tenant." To this charge of the court the plaintiff excepted.

In our judgment, this charge of the court, in view of the evidence in the record, was error. By the 2284th section of the Code it is declared that the landlord *must* keep the rented premises in repair, and is liable for all substantial improvements placed upon them by his consent. This section of the Code was construed by this court in *Guthman vs. Castleberry,* 48 *Georgia Reports,* 172. If a tenant should rent a dilapidated or leaky store-house, with *full knowledge* of its actual condition, at a reduced price in consequence thereof, and puts his goods therein, and the same are damaged, he would not then have any legal or just cause of complaint against his landlord. But when a landlord rents a store-house to a tenant for the purpose of selling goods therein, in the absence of the tenant's knowledge to the contrary, the law will presume that it is in a condition suitable for the purpose for which it was rented by the tenant, and if it is not, and damage results to the tenant's goods in consequence of the defective condition of the rented premises, the landlord is liable therefor, and if after the premises have been rented, the same become unfit, by reason of the roof of the house becoming leaky, or other similar cause, so as to render the house unsuited for the purpose for which it was rented, the landlord is bound, upon notice being given to him of the defect by the tenant, to make the necessary repairs within a reasonable time thereafter, and

if, upon his failure to do so, damage results to the tenant's goods in consequence of such failure to make the necessary repairs, the landlord will be liable therefor. In this state the law is that the landlord *must* keep the rented premises in repair, not as the same were when the tenant rented them, if he did not know of the defective condition thereof at the time, but the same are to be kept in repair by the landlord so as to render them suitable for the purposes for which they were rented. If the tenant pays the landlord a fair and reasonable rent for the store-house rented as being suitable for the purpose for which he rented it, he is entitled to have it kept in repair by the landlord for that purpose, under the provisions of our Code.

Let the judgment of the court below be reversed.