### SOUTHERN RAILWAY COMPANY *v.* HENRY.

CANDLER, J.   This was an action for damages against a railroad company for the killing of cattle, and was appealed by the defendant from a justice's court to a jury in the superior court.   The jury returned a verdict for $50 in favor of the plaintiff; and the defendant moved for a new trial, solely on the grounds that the verdict was contrary to law and the evidence.   It was not denied that the defendant's train ran over the cattle.   The evidence as to the circumstances of the killing was conflicting, but that for the plaintiff was sufficient to warrant a finding that if ordinary diligence had been used by the engineer in charge of the train he could have discovered the presence of the cattle on the track and have stopped the train in time to have avoided striking them.   The judge of the superior court expressed his satisfaction with the verdict by overruling the motion for a new trial, and that judgment will not be disturbed.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent, and Lumpkin, J., disqualified.*

Argued June 22,—Decided August 2, 1905.

Action for damages.   Before Judge Lumpkin.   Fulton superior court.   September 29, 1905.

*P. H. Brewster Jr.,* and *L. C. Rucker,* for plaintiff in error. *Lowndes Calhoun,* contra.

---

### VEAL *v.* HANLON.

EVANS, J.   1. By the statute law of this State, a landlord is bound to keep in repair premises which he has rented to another.   Civil Code, §§ 3118, 3123.
2. If, after notice of the defective condition of the premises and after the lapse of a reasonable time in which to make the needed repairs, the repairs are not made, the landlord will be liable to the tenant or a member of his family for damages occasioned by the disrepair of the premises, if the injured party's own negligence did not bring about the injury.
3. In an action by the wife of the tenant against the landlord for personal injuries alleged to have been occasioned by the defendant's failure to keep in repair the steps to the house, the granting of a nonsuit is proper when the evidence for the plaintiff affirmatively shows that she had knowledge of the defect in the step and of its dangerous condition, and might, by the exercise of ordinary care, have avoided injury.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*

Argued June 24, — Decided August 2, 1905.

Action for damages.   Before Judge Calhoun.   City court of Atlanta.   October 28, 1904.

*Burton Smith,* and *J. A. Branch,* for plaintiff.
*Arnold & Arnold,* for defendant.