16327.   COX *et al. v.* WALTER M. LOWNEY COMPANY OF GEORGIA.

</div>

Except as provided by section 3699 of the Civil Code (1910), having reference to the duty of the landlord to keep the premises in repair, there is in this State, as at common law, no implied covenant that the premises are suitable for the purpose for which they are leased, or for the particular use for which they are intended by the tenant. Under the facts of this case the court erred, as against the landlord, in instructing

---

Landlord and Tenant, 36 C. J. p. 45, n. 81; p. 131, n. 27; p. 586, n. 99.

the jury that it is the duty of the landlord to make the premises which he rents suitable for the purpose for which they are intended, and that he must, upon notice of any defect, keep the premises, by repairs, in such condition as to be suitable for such use.

DECIDED FEBRUARY 16, 1926.

Distraint; from Fulton superior court—Judge E. D. Thomas. February 2, 1925.

*Fuller & Bell, Troutman & Troutman,* for plaintiffs.

*W. S. Dillon, C. H. Calhoun,* for defendant.

BELL, J.  The present suit arose upon the issuance of a distress warrant in favor of Cox & Simpkins against Walter M. Lowney Company of Georgia, and the filing of a counter-affidavit by the defendant. The rented premises consisted mainly of the basement of a building, the upper part of which was occupied by the plaintiffs. The lease contract was in writing and covered the period from January 1, 1920, to July 6, 1924. The defendant occupied the premises until about June 1, 1921, and paid the rent of $100 per month until that time. It refused further payments, and the plaintiffs distrained. In the defendant's counter-affidavit it was alleged that the premises were leased from the plaintiffs to be used in conducting a wholesale candy business, and that the use to which the property was to be put was known by the plaintiffs, and that "said property was not adapted to the uses intended;" that during heavy rains a large amount of water would flood the premises, and "said premises would become damp and in such condition that the candies stored [therein] would spoil and deteriorate and become worthless;" that the plaintiffs were given notice of "said condition, and were requested to repair such defects," but failed to put the premises "in a condition so that the same could be used by this defendant;" that at the execution of the lease contract the defendant was not aware that the premises contained any of the defects mentioned, but believed that they were in a good state of repair and "adapted for uses which the defendant was then intending to make of the property;" that "plaintiffs' failure to make repairs amounted to an eviction of defendant, as it was impossible to remain in said premises, because of the large amount of water and moisture which would regularly flow into said premises during rains; that on account of said condition it was necessary for defendant to abandon said premises after this suit was filed;" that there was thus "a failure of consideration

under said contract, and the defendant now pleads same as the reason why no liability exists thereunder." Defendant further sought to recoup damages because of the spoiling of a large quantity of candy "by reason of the moisture accumulating in the basement." The trial resulted in a verdict in favor of the defendant. The plaintiffs' motion for a new trial was overruled, and they excepted. The lease contract contained no covenant on the part of the landlord that the premises were suitable for the use intended, nor any agreement as to repairs. In one of the special grounds of the motion for a new trial the plaintiffs assigned error upon the following charge of the court: "It is the duty of the landlord to make the premises which he rents suitable for the purposes for which they are intended; and he must, upon notice of any defect, keep the premises, by repairs, in such condition as to be suitable for such use. If you find that the premises were kept in such condition, you would find for the plaintiffs the amount sued for; but if, on the other hand, you find that the premises were not kept in such condition after notice, and that they became wholly untenantable, and a constructive eviction resulted, then the defendant would have the right to terminate the lease for such failure, if any, to keep the premises in condition after notice; and if he did so on this account; then the plaintiffs can not recover except for the actual time the defendant remained in the building and used the premises."

According to our construction of the evidence, the jury could have found that the dampness or moisture which spoiled the candies and rendered the premises unfit for use as a place for the storage of such commodity resulted not from leaky walls or overhead or other defects in the premises, but from a "sweating" due in some way to a mere unsuitability of the basement for such use. On the other hand, there was evidence from which the jury could have inferred that the walls were leaky or that there were other defects in the basement, and that the untenantability of the premises was the result of the plaintiffs' failure to make needed repairs. This inference, however, was not demanded, for, as we have just indicated, the evidence would have authorized a finding that the basement was not in need of repairs, but was inherently unsuitable as a place to store candy.

In view of the issues as thus developed by the evidence, we are

of the opinion that the court committed error in instructing the jury as above stated. At common law there was no implied covenant on the part of the landlord that the premises were suitable for the purpose for which they were rented, or for the particular use for which they were intended by the tenant. *Stack* ·v. *Harris*, 111 *Ga.* 149 (36 S. E. 615) ; Viterbo *v.* Friedlander, 120 U. S. 707 (7 Sup. Ct. 962, 30 L. ed. 776) ; 14 R. C. L. 772; 1 Tiffany's L. & T. 556; 36 C. J. 45. The only modification of this rule in Georgia is as to the duty of the landlord to "keep the premises in repair." Civil Code (1910), § 3699. And· in the absence of an agreement so to do, · the landlord is not bound to repair patent defects, of which the defendant had knowledge at the time of entering the rent contract. *Aikin* v. *Perry,* 119 *Ga.* 263 (3) (46 S. E. 93). There have been several decisions by the courts of this State which, by the language used, would seem to hold that it is the duty of the landlord to make the premises suitable for the purpose for which they were rented, among them the following : *Whittle* v. *Webster, 55 Ga.* 180; *Driver* v. *Maxwell, 56 Ga.* 12 (2) ; *White* v. *Montgomery, 58 Ga.* 204 (1) ; *Aikin* v. *Perry,* supra; *Henley* v. *Brockman, 124 Ga.* 1059 (5) (53 S. E. 672) ; *Thompson* v. *Walker,* 6 *Ga. App.* 80 (1) (64 S. E. 336) ; *MeYere* v. *Withers,* 15 *Ga. App.* 688 (64 S. E. 336). But in each of these cases the court was dealing solely with the duty of the landlord to make needed repairs, for in none of them was any question involved as to an implied covenant by the landlord that, irrespective of the state of repair, the premises were suitable for the purpose for which they were leased, or for the particular uses which the tenant intended to make of them. While, in *Monahan* v. *National Realty Co.,* 4 *Ga. App.* 680 (1) (62 S. E. 127), the liability was for improper construction, it was nevertheless for a *defect.* We think there is nothing in any of the decisions, when studied in light of the facts upon which they are predicated, which could mean that the common-law rule has been changed in this State, except as provided in section 3699 of the Civil Code (1910), having reference to repairs. We therefore hold that the implied covenant of the landlord does not, regardless of the condition of repair, include "an undertaking on his part that the premises leased are suitable or fitted for the particular use for which they are intended by the

lessee." *Adair* v. *Allen,* 18 *Ga. App.* 636 (2) (89 S. E. 1099). See also *Wright* v. *Ware,* 19 *Ga. App.* 18 (1) (90 S. E. 742).

We can not agree with counsel for defendant in error that the excerpt complained of should, by itself or in view of the entire charge, be construed as referring only to the duty of the landlord to put or keep the premises in repair. Such may have been the intention of the learned judge who presided in the case; but we are of the opinion that the jury could have construed the charge, and probably did construe it, as telling them that it was the duty of the landlord to *make* the premises suitable for such purpose, whether they were defective and in need of repair or not, and also to keep them suitable, by repairs, upon notice of any defect. The duty should have been limited to repairs only.

There was no error in any of the charges complained of in the other grounds of the motion for a new trial, except in so far as they may have been at variance with the principles above enunciated, and it is therefore unnecessary to examine them in detail. One or more of the contentions for the plaintiffs in error should have been made by requests to charge, in order to present any question for decision thereon. From what has been said, the court erred in overruling the plaintiffs' motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*