24354. KING *v.* INVESTORS' MORTGAGE & LOAN COMPANY.

SUTTON, J. 1. It is ordinarily the duty of a landlord to turn over rented property to the tenant in a condition reasonably safe and suited for the use to which the tenant intends to put the same, and free of such latent defects as the exercise of ordinary diligence on the part of the landlord might have disclosed. A landlord is liable for injuries resulting to a tenant from defects which were hidden from the tenant and which the landlord could have discovered by the exercise of ordinary diligence, where the circumstances are such as to require that the landlord should have made an investigation which when made would have necessarily resulted in discovery of the defects which were the cause of the tenant's injuries. *Stack* v. *Harris,* 111 *Ga.* 149 (36 S. E. 615) ; *Weyman* v. *Maynard,* 24 *Ga. App.* 94 (100 S. E. 25). "It is the duty of the landlord, when he rents a tenement to a tenant at full price, to make it suitable for the purpose for which it is rented, unless the tenant knows as much about its condition as he does." *White* v. *Montgomery,* 58 *Ga.* 204; *Whittle* v. *Webster,* 55 *Ga.* 180 (1).

(a) Accordingly, a petition which sets up that the plaintiff rented certain premises from the defendant for use as a residence, which it is alleged the defendant warranted to be "in good condition and reasonably suited for her purposes, to wit, as a residence and place of abode," but which contained certain rotten and unsound bannisters, which were not discovered by the plaintiff by the exercise of ordinary care when she examined the premises prior to renting the same, but which could have been discovered by the defendant if it had exercised ordinary care and diligence in inspecting said premises, by reason of which defective bannisters the plaintiff was, without fault upon her part, injured

and damaged, the same occurring on the first day the plaintiff occupied said house and lot, while she was cleaning the same, sets forth a cause of action against the defendant landlord, good as against a general demurrer.

(b) The allegations of the petition, as against a general demurrer, do not show that the plaintiff had equal means with the defendant of discovering the alleged defects; nor do such allegations show that the defendant could not have discovered such defects by the use of ordinary care and diligence.

2. A general demurrer goes to the whole pleading to which it is addressed, and should be overruled if any part thereof is good in substance. The bad part in pleading does not make the whole bad; the good part makes the whole good enough to withstand a general demurrer. *Blaylock* v. *Hackel*, 164 *Ga.* 257 (5) (138 S. E. 333); *Beasley* v. *Anderson*, 167 *Ga.* 470 (146 S. E. 22). The court did not pass upon any of the special grounds of demurrer urged by the defendant, and the petition sets up a cause of action good as against a general demurrer.

3. It is not necessary for this court to pass upon the grounds of special demurrer urged by the defendant. "Where a demurrer to a petition contains grounds both of general and of special demurrer, and the trial judge, without specifying the grounds or the basis of his decision, passes a general order sustaining the demurrer and dismissing the petition, the judgment will be treated as sustaining the entire demurrer upon all its grounds, and the special as well as the general grounds must be considered on review if the petition is not subject to the latter. . . The rule is otherwise where the order of dismissal is expressly limited to the general grounds, or from its language may be so construed; in which event the special grounds will not be considered, but will be left to subsequent determination by the trial court." *Willingham* v. *Glover*, 28 *Ga. App.* 394 (111 S. E. 206). See also *Atlanta Baseball Co.* v. *Lawrence*, 38 *Ga. App.* 497 (3) (144 S. E. 351); *Darnell* v. *Toney*, 39 *Ga. App.* 710 (3) (148 S. E. 279); *Burkhalter* v. *Peoples Bank*, 175 *Ga.* 745 (4) (165 S. E. 749).

4. The order of the court sustaining the general demurrer and dismissing the petition in this case was upon the ground that the petition did not set up a cause of action good as against a general demurrer. The grounds of special demurrer urged by the defendant were not passed upon; and it is unnecessary for this court to consider them.

*Judgment reversed. Stephens, J., concurs. Jenkins, P. J., concurs in the judgment.*

DECIDED MAY 9, 1935.

*Charles G. Bruce, Leon C. Greer,* for plaintiff.

*Westmoreland & Westmoreland, Carter, Carter & Johnson,* for defendant.