37538.   POINT APARTMENTS, INC. *v.* BRYANT *et al.*

DECIDED FEBRUARY 13, 1959.

*Sheats, Parker & Webb, Paul Webb, Jr.*, for plaintiff in error.
*Nall, Miller, Cadenhead & Dennis, Earl J. Van Gerpen*, contra.

TOWNSEND, Judge. ■ Special grounds 1 and 2 of the amended motion for new trial complain of the following excerpts from the charge of the court: "The landlord must keep the premises in repair. . . It is ordinarily the duty of the landlord to turn over rented property to the tenant in a condition reasonably safe and suited for the use to which the tenant intends to put the same and free of such latent defect as in the exercise of ordinary care on the part of the landlord might have been disclosed. A landlord is liable for injuries resulting to a tenant from defects which were hidden from the tenant and of which the landlord knew or which could have been discovered by the exercise of ordinary diligence. . . I charge you further that when a landlord rents property, the law presumes that it is in a condition suitable for the purpose for which it was rented by the tenant, and if it is not and damages result to the tenant's property as a consequence of the defective condition of the premises, the landlord may be liable for such damage."

The charge is contended to be erroneous under the circum-

stances of this case because of the following provisions in the lease agreement: "Lessee accepts premises in the condition in which they now are and as suited for the use intended by lessee. . . . The lessor shall not be required to make any repairs or improvements on the premises except that on written notice from the lessee of any defect rendering the same unsafe or untenantable the lessor shall remedy such defective condition within a reasonable time." It is thus observable that the lease covenant neither increases nor decreases the lessor's obligation in the first instance to turn over the premises to the lessees in a condition suitable for the intended use, but it does contain an express acknowledgment by the tenants that the premises, in the condition in which they are, *are* suitable for such use and are accepted as such. It contains a further provision relieving the landlord of any obligation to make repairs except after written notice, which, of course, was not given here.

The first sentence from the excerpt of the charge above quoted is taken from *King* v. *Investors' Mortgage & Loan Co.,* 51 *Ga. App.* 235 (179 S. E. 910) (and see also *Weyman* v. *Maynard*, 24 *Ga. App.* 94, 100 S. E. 25). The last sentence is taken from *Whittle* v. *Webster*, 55 *Ga.* 180. Code § 61-112 provides that the landlord is liable for damages arising from defective construction or for damages from failure to keep the premises in repair, and in *Cox* v. *Walter M. Lowney Co.,* 35 *Ga. App.* 51 (132 S. E. 257) it was held: "Except as provided by section 3699 . . . [Code Sec. 61-111] having reference to the duty of the landlord to keep the premises in repair, there is in this State, as at common law, no implied covenant that the premises are suitable for the purpose for which they are leased, or for the particular use for which they are intended by the tenant." That this is the rule generally see 52 C.J.S. 82, Landlord and Tenant, § 423 (c) (1). On its face this case might appear to be in conflict with the *Whittle* case, in which event, of course, it would yield to it, the latter being a Supreme Court case, and also to the *Weyman* case, an earlier Court of Appeals case. We do not believe, however, that any such conflict exists in fact, for a careful reading of the *Whittle* case reveals that it is based upon the landlord's duty to keep the premises in repair. In

*Elijah A. Brown Co.* v. *Wilson,* 191 *Ga.* 750(1) (13 S. E. 2d 779) it was held: "The responsibility of a landlord for damages . . . for failure to repair a latent defect in the premises before leasing it, is not absolute, but is predicable only on his knowledge of the defect and the consequent necessity for repairs." The rule is well stated in *Stack* v. *Harris,* 111 *Ga.* 149, 150 (36 S. E. 615): "The common law placed the burden of repairs upon the tenant, and the landlord was not bound to make repairs unless there was an express stipulation to that effect in the contract which created the relation of landlord and tenant. Neither was there any implied warranty on the part of the landlord that the premises were suitable for the purposes for which they were leased, or that they were in a condition to be occupied. . . . The common-law rule is not of force in Georgia. Under our Code, the landlord, *in the absence of a stipulation to the contrary,* is bound to keep the premises in repair. . . He is, however, entitled to notice from the tenant that the premises are out of repair, and if after such notice has been given the tenant suffers damage on account of the failure of the landlord to make the necessary repairs, the landlord is liable for the damage thus sustained, provided the conduct of the tenant was not such as to preclude him from recovering. *Guthman* v. *Castleberry,* 48 *Ga.* 172. Under the law of this State, it is presumed that the premises leased are in a condition suitable for the purposes for which they were rented, and if such is not the case, and damage results therefrom to the tenant, the landlord is liable, provided he has had notice of the defective condition of the premises and has failed after a reasonable time to make the necessary repairs, and provided also that the tenant has not been guilty of such negligence as to bar a recovery by him." (Italics ours.) It thus appears that the implied covenant of suitability for the intended use, in the absence of stipulation, has crept into our law only to the extent that Code § 61-112 places upon such landlord a duty to keep the premises in repair, which must necessarily imply that state of repair which is reasonably necessary to make them fit for the use intended by the lessee and known to the lessor. We are not concerned with the further provision of Code § 61-112 placing on the landlord an absolute liability for defects in con-

struction, since it is not contended here that the termite damage resulted from defective construction. Where these lessees accepted the premises in the condition in which they were at the time of the lease, whatever that was, as suitable for the purpose intended, and further relieved the landlord of any obligation to repair except after written notice, these provisions in the contract constituted a "stipulation to the contrary" relieving the lessor of any duty to repair the premises except after notice to it by the tenants. That such a stipulation relieving one contracting party of a duty otherwise imposed upon it by operation of law is not invalid, see *Brady* v .*Glosson*, 87 *Ga. App.* 476, 478 (74 S. E. 2d 253). It follows that the instructions complained of in special grounds 1 and 2 were not adjusted to the facts of this case and therefore constituted reversible error.

■ Special ground 3 assigns error on the following excerpt from the charge: "I further charge you that where a landlord is on notice of defects in his property and undertakes to repair the same, he must properly repair the premises and will be liable for damages resulting from his negligence in repairing them" on the ground that the charge, while abstractly correct, was not adjusted to the evidence, there being no evidence of repairs except to the effect that the lessor replaced certain baseboards and treated the area for termites before the lease was entered into. Whether the charge constituted reversible error need not be decided as the case is reversed on other grounds; however, in view of the evidence on this trial it would have been better to omit reference to negligence in making faulty repairs.

■ While the evidence was in dispute as to whether the damage was caused by termites or roaches, and also whether or not there had previously been termites in and adjacent to the apartment, there was sufficient evidence to sustain a finding of fact on both these issues in favor of the plaintiff, and the verdict was accordingly not without evidence to support it. The ground of a motion for new trial that the verdict is "contrary to law" raises no question of whether the plaintiff's allegations are sufficient to state a cause of action for the relief prayed "and no such question should be determined." *Grice* v. *Grice*, 197 *Ga.*

686, 690 (30 S. E. 2d 183); *Kelly* v. *Strouse & Bros.*, 116 *Ga.* 872, 889 (43 S. E. 280).

The trial court erred in denying the motion for new trial for the reasons set forth in division 1 hereof.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*