## 50567. PLANT et al. v. LOWMAN.

DEEN, Presiding Judge.

Lowman, the plaintiff appellee, is a tenant of Plant who fell and injured herself when attempting to negotiate a small second floor landing and steps. The trial court denied the defendant's motion for summary judgment based largely on the plaintiff's deposition as follows: The stairwell was completely dark unless her second floor neighbor's light was on; her light would not work due to a defective light switch at the bottom of the stairs; the management had agreed to repair the switch at the time she moved in but had never done so; she had complained about it five or six times; she usually used a back outdoor stairway because one could not see while traversing the indoor stairs unless the neighbor's light was on; on the day in question it was raining and she elected to use the indoor stairs; she incorrectly thought there was a bannister and reached out for it but no bannister existed; the stairs were very slanted and were dangerously constructed. *Held:*

1. "There is no duty on the part of a landlord to maintain lights or to illuminate passageways, porches and steps in the absence of a contractual obligation to do so, or when so required by statute." *Maloof v. Blackmon,* 105 Ga. App. 207 (2) (124 SE2d 441). The rule does not apply when, at the time the tenant moves in, the defect in the lighting system is pointed out and the tenant is reassured that it will be repaired, which is not done.

2. Questions necessitating a decision as to whether

or not a given state of facts shows a lack of ordinary care for one's own safety which will bar recovery (or assumption of the risk involved) or merely result in a reduction of the recovery under the comparative negligence rule are generally for the jury. *Stukes v. Trowell,* 119 Ga. App. 651 (168 SE2d 616); *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259 (174 SE2d 178); *Otto v. Hendry,* 132 Ga. App. 598 (208 SE2d 611). *Otto,* like the present case decided on summary judgment, involves a fall down a steep, unlighted flight of stairs where the plaintiff had previously complained of the lack of illumination but nevertheless continued to use the steps. In another stairway case, where there was ample light and a patent hazard but the plaintiff failed to look, the court held on summary judgment: "Issues of negligence, including the related issues of assumption of risk, lack of ordinary care for one's own safety, lack of ordinary care in avoiding the consequences of another's negligence and comparative negligence, are ordinarily not susceptible of summary adjudication whether for or against the plaintiff or the defendant, but must be resolved by a trial in the ordinary manner." *Wakefield v. A. R. Winter Co.,* supra. These cases and others cited therein are ample authority for upholding the trial court's denial of summary judgment to the defendant.

3. The appellant has cited a number of stairway cases, the majority of which were decided on general demurrer or directed verdict. Because of the requirement that the evidence on summary judgment will be construed against the movant, these cases are not determinative of the matter. *Goodwin v. Mullins,* 122 Ga. App. 84 (176 SE2d 551) and *Sanford v. Howe,* 129 Ga. App. 641 (200 SE2d 508) were decided on a different state of facts, where the plaintiff did not enter the room she thought she was entering but opened a stairway door by mistake. Those cases merely hold that the defendant was not negligent, not that the plaintiff assumed the risk or was guilty of contributory negligence.

*Judgment affirmed. Evans and Stolz, JJ., concur.*

ARGUED APRIL 29, 1975 — DECIDED MAY 8, 1975.

*A. Ed Lane, Robert J. NeSmith,* for appellants.
*Charles F. Hicks,* for appellee.