53754. LEE v. HUIET & POWELL, INC. et al.

SHULMAN, Judge.
    Appellant sought damages for diminished rental value allegedly due to a breach of the duty to repair and for injuries sustained when part of the plaster ceiling in the apartment she was occupying fell on her. Suit was brought against Huiet & Powell, Inc., as rental office, and W. S. McGuire as executor of the estate of L. A. Blandenburg, the owner of the premises.
    At the close of appellant's evidence, upon proper motion, the court directed a verdict in favor of appellee Huiet & Powell because of the appellant's failure to show a duty to repair and appellee McGuire because of failure to show adequate notice. This appeal follows the denial of appellant's motion for a new trial.
    1. Regarding appellant's claim to diminished rental value due to failure to repair, it is not necessary to consider the nature of the relationship between appellant-occupant and appellees. "The action of the judge in so directing [the verdict] was manifestly correct for reasons other than that stated. . .and we do not deem it necessary, under the view we take of the case, to determine the correctness of the reason assigned by the trial judge." *Pritchett v. King,* 56 Ga. App. 788, 790 (194 SE 44); *Grace v. Rouse,* 202 Ga. 720 (44 SE2d 762).
    There is no evidence as to the term of appellant's occupancy. Appellant could not remember when she

started or when she stopped paying rent. Appellant could not remember how long she occupied the apartment. Appellant could not remember how long the alleged state of disrepair persisted. No rent receipts were produced. No written lease existed. Evidence is lacking as to the duration of the alleged state of disrepair. "Where a party sues for specific damages he has the burden of showing the amount of loss claimed in such a way that the jury may calculate the amount of the loss from the data furnished and will not be placed in a position where an allowance of the loss is based on guesswork. [Cits.]" *Thomas v. Campbell,* 126 Ga. App. 675, 676 (191 SE2d 619). See also *Hayes v. Flaum,* 138 Ga. App. 787 (227 SE2d 512).

2. Appellant has enumerated as error the trial judge's refusal to allow appellant's nonexpert witness to testify as to diminished rental value. The witness testified that he had investigated over one hundred apartments in the neighborhood, that he had seen appellant's apartment, and that he was familiar with rentals in the area at the time appellant occupied the premises. The court erred in excluding this testimony. Code Ann. § 38-1709. *Farkas v. S. Cohn & Son,* 19 Ga. App. 472 (4) (91 SE 892); *Schoolcraft v. DeKalb County,* 126 Ga. App. 101, (2) (189 SE2d 915). However, insofar as the court properly directed a verdict on that count of appellant's claim, we cannot say that this error was harmful.

3. Appellant urges that a directed verdict in favor of appellee Huiet & Powell, Inc. concerning her claim for personal injuries was error. We agree.

Appellant testified that she paid Huiet & Powell, Inc. monthly rent for her apartment, that she had an oral agreement with them, and that she dealt exclusively with Huiet & Powell and knew of no other owner of the premises. She further stated that she had informed the rental office of the leaking ceiling, that Huiet & Powell's employees had attempted to repair the ceiling but had not done so properly, and that she was injured some time after that when the ceiling plaster fell on her. This was sufficient to establish a prima facie case against Huiet & Powell. *Wall Realty Co. v. Leslie,* 54 Ga. App. 560 (188 SE 600); *Hoppendietzel v. Wade,* 66 Ga. App. 132 (17 SE2d 239); *Sharp-Boylston Co. v. Bostick,* 90 Ga. App. 46 (81

SE2d 853). It was therefore error to direct a verdict in favor of appellee Huiet & Powell, Inc. on this count.

Continued use of the room with knowledge of the defect will not, as a matter of law, bar appellant's recovery. *Mathis v. Gazan,* 51 Ga. App. 805 (181 SE 503); *Garner v. LaMarr,* 88 Ga. App. 364 (1) (76 SE2d 721).

4. Appellant contends that the trial judge erred in directing a verdict in favor of appellee-executor of the estate. This enumeration is unavailing. There was no evidence that the estate or decedent Blandenburg owned the premises at the time the injuries complained of occurred. The estate denied the existence of any general agency relationship with Huiet & Powell, Inc. Rather, the estate maintained that Huiet & Powell, Inc. as independent contractor had agreed to collect rent, negotiate rent agreements (oral), and make or cause to be made necessary repairs. While there was testimony that Huiet & Powell's rental office had been notified of the alleged defective condition, there was no evidence that Huiet & Powell was an agent of Blandenburg. While notice to an agent may be notice to a principal, proof of agency is indispensable. *Ball v. Murray,* 93 Ga. App. 682, 683 (92 SE2d 562). There was insufficient evidence to present the question of notice to Blandenburg to a jury. *Ball v. Murray,* supra. Cf. *Goodman v. Ragans,* 124 Ga. App. 648 (185 SE2d 591).

5. For the reasons stated in Division 3 the judgment must be reversed as to appellee Huiet & Powell, Inc. regarding appellant's claim for personal injuries. The judgment is affirmed on all other counts.

*Judgment affirmed in part and reversed in part. Quillian, P. J., and Banke, J., concur.*

ARGUED APRIL 12, 1977 — DECIDED MAY 17, 1977 — REHEARING DENIED JUNE 10, 1977.

*Richard K. Greenstein,* for appellant.
*Savell, Williams, Cox & Angel, J. Caleb Clarke, III, Marion A. Sams,* for appellees.