## 57240. UNITED CAR & TRUCK LEASING, INC. et al. v. ROBERTS et al.

McMURRAY, Presiding Judge.

These cases all involve the business of leasing cars in which the businesses entered into agreements with a person who proposed to pay for them the ad valorem taxes due and to pay and secure license plates or renewal decals for their vehicles. In some cases payment was to be made before and others after the performance of the agreement in obtaining the tags, decals and receipts and the payment of a fee for the service.

Subsequently, it was determined that the taxes due on the vehicles of the leasing companies had not been paid. They refused to pay same after demand and the tax commissioner caused tax fi. fas. to be issued against them. A constructive levy on the vehicles in question occurred, and affidavits of illegality were filed thereto. In *Tomlinson, Inc. v. Roberts,* 142 Ga. App. 134 (235 SE2d 721), after the grant of summary judgment in favor of the tax commissioner, this court affirmed. Reference is made to that case for a complete statement of the facts, as well as the law establishing the tax commissioner's right to a judgment as a matter of law for the taxes due.

Whereupon, the four leasing companies brought separate suits all generally alleging that the acts of the tax commissioner and one or more of the employees working in his office deviated from the normal proper operating procedures whereby the person authorized by the plaintiffs to pay the ad valorem taxes and to secure the license plates or the renewal decals for their vehicles, obtained the tax paid registration certificates, license tags and/or renewal decals for the numerous vehicles on which the ad valorem taxes had not been paid thereby enabling him to defraud them out of the tax monies which should have been paid and which they were required to pay as a result of the affidavit of illegality proceedings. They sued the tax commissioner and the company executing his surety or guaranty bond contending same was for the use and benefit of every person who was injured by the officer's failure to perform or by the improper or negligent performance of those duties

imposed by law. They allege they suffered loss by virtue of the conduct of defendant Roberts, the tax commissioner, and certain conduct of his subordinates in office.

The four cases were consolidated either by order of the trial court or by agreement of counsel because they all involved a common question of law or fact. The defendants initially answered each of the lawsuits individually, but after consolidation of the cases and prior to trial, the defendants filed an amended and restated answer. The case proceeded to trial with the jury required to answer certain special interrogatories only as to the question of liability. The court in a pre-trial charge instructed the jury that the plaintiffs' contentions were that they had suffered loss by virtue of certain conduct on the part of the tax commissioner and the defendants contended the tax commissioner was in no way responsible for any loss to the plaintiffs and any loss they suffered was due to their own failure to exercise ordinary care.

At the close of all evidence plaintiffs moved for directed verdict on several grounds but specifically upon the ground that the issue of the plaintiffs' alleged failure to exercise due care so as to avoid the consequences of the defendant tax commissioner's actions was irrelevant to this case. They contended that such defenses of contributory or comparative negligence were inapplicable to the case at bar since the plaintiffs had sued upon the bond in an action ex contractu. The motion also contended that there was a total insufficiency of evidence to require a jury determination on the question of want of due care by the plaintiffs and that certain admissions of the defendants in their answer resulted in their admission of liability and damage. The court denied the motion and presented the case to the jury on a series of special verdicts. Plaintiffs excepted to these verdicts contending that contributory negligence or failure of plaintiffs to exercise care and diligence was not an applicable defense to the case and that there was no evidence of any failure to exercise ordinary care on the part of the plaintiffs.

The jury in answering the special interrogatories or verdicts determined that neither the commissioner nor any of his agents failed to exercise ordinary care and

diligence which proximately caused any loss to the plaintiffs. In essence the jury determined that the improper issuance of tags, decals and MV-1 forms by the tax commissioner's agents proximately caused some loss to plaintiffs; that some failure on the part of the plaintiffs to exercise ordinary care and diligence proximately caused some loss to plaintiffs; and that the fault on the part of the plaintiffs was equal to or greater than the fault on the part of defendants. Whereupon, the court rendered judgment in favor of the defendants and against the plaintiffs.

The plaintiffs filed a motion for judgment notwithstanding the verdict or in the alternative a motion for new trial. This motion was denied, and plaintiffs appeal. *Held:*

1. Plaintiffs' main contentions are that contributory or comparative negligence defenses or other similar negligence defenses have no application to an action ex contractu. They cite *Citizens Bank v. American Surety Co.,* 174 Ga. 852 (2f) (164 SE 817), for the proposition that the defendants could not set up a defense that plaintiffs by the exercise of due care could have prevented the losses to themselves which resulted from the employment of a person later indicted and convicted (a guilty plea) of theft in performing the task of paying their taxes and license fees and obtaining the tags and/or decals and receipts for a small fee. See *Tomlinson, Inc. v. Roberts,* 142 Ga. App. 134, 135 (3), supra. But in *Citizens Bank v. American Surety Co.,* supra, the bank had no knowledge of or other knowing participation with the fraudulent scheme hence "want of due care" was held to be no defense to the principal's wilful misconduct. This case is not controlling as to the facts which are entirely different from the case sub judice. No wilful misconduct was shown by plaintiffs in the case sub judice as to the actions of the defendant Roberts, tax commissioner, and his agents in that office, although the jury might assume from the facts that there was a possible conspiracy between someone in the tax commissioner's office and the person employed to obtain the tags and/or decals to allow him to avoid paying the ad valorem taxes on the motor vehicles.

2. Plaintiffs contend that their suit is ex contractu.

But their pleadings which are based on the surety bond, a contract, shows clearly that they are seeking to recover their losses, attorney fees and other expenses of litigation "as the result of the negligence and wrongful conduct of defendants." While the public official's bond authorizes the suit the plaintiffs nevertheless are seeking damages resulting from the non-performance or conduct of the defendant Roberts and his agents and employees in the tax commissioner's office.

3. It is quite evident here that there was some negligence involved both as to the plaintiffs in hiring an individual who committed a theft in performing certain acts for them and the defendant Roberts by and through his employees in performing certain acts in not collecting the ad valorem taxes as required by law. The jury could conclude from the evidence that the intervening criminal acts of plaintiffs' employee could be treated as the proximate cause of the alleged injury and thereby to insulate and exclude any negligence on the part of the commissioner or his employees, that is, if the jury decided that this person (the individual who perpetrated the theft) was the agent of the plaintiffs. See in this connection *Andrews & Co. v. Kinsel,* 114 Ga. 390 (2) (40 SE 300); *Belding v. Johnson,* 86 Ga. 177 (12 SE 304); *Bowers v. Southern R. Co.,* 10 Ga. App. 367 (3) (73 SE 677); *Gallovitch v. Ellis,* 55 Ga. App. 780 (191 SE 384). However, as shown by special verdicts (numbers 3, 4 and 5) the jury found a failure on the part of the plaintiffs to exercise ordinary care and diligence *proximately caused the loss to the plaintiffs* and that the issuance of the tags, decals and MV-1 forms by the agent or agents of Mr. Roberts (tax commissioner) *also proximately caused some loss to the plaintiffs.* Then in special verdict No. 5 the jury determined that the plaintiffs' failure to exercise ordinary care and diligence was "equal to or greater than any fault on the part of the defendant [Roberts, tax commissioner]." Questions of contributory negligence are generally for the jury except in clear, plain, palpable and undisputable cases. See *Powell v. Berry,* 145 Ga. 696 (2) (89 SE 753); *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259 (174 SE2d 178); *Ellington v. Tolar Const. Co.,* 237 Ga. 235, 237 (227 SE2d 336). The trial court did not err in

denying the motion for judgment notwithstanding the verdict inasmuch as the action involved negligence, proximate cause and contributory negligence and it is a question for the jury to determine as to whether or not contributory or comparative negligence was involved in the case.

4. Plaintiffs contend in the remaining enumeration of error that the defendants by their pleadings admitted certain material allegations concerning liability and damage as stated in the complaints. In sum these paragraphs of the complaints merely assert that certain unnamed employees of the tax commissioner failed to act properly in permitting plaintiffs' employee (independent contractor or agent) to obtain the tags and/or decals and tag receipts without paying the ad valorem taxes as required by law. However, as found by the jury, even if the defendant Roberts' employees acted improperly, the jury determined that the plaintiffs' acts or omissions in employing the individual who perpetrated the theft which resulted in their injury were equal to or greater than those of the defendants. A careful reading of defendants' admitted and restated answer and defenses fails to disclose any admissions of liability on the part of the defendants as plaintiffs contend. There is no merit in this complaint.

These actions are based on the alleged breach of the bond of this public official which caused the injuries in the alleged improper or negligent performance of a duty imposed by law. This did not prevent the defendants from showing that the non-performance, if any, was caused by the act or fault of the opposite party thereby excusing the other party from performance. See Code § 20-1104.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur. Shulman, J., not participating.*

ARGUED FEBRUARY 13, 1979 — DECIDED MAY 29, 1979 — REHEARING DENIED JUNE 22, 1979 —

*Taylor W. Jones, Kent T. Stair, Westmoreland, Hall, McGee, Warner & Oxford, James M. Crawford, Michael R. Uth,* for appellants.

*Rogers & Hardin, Richard Sinkfield, Webb, Young, Daniel & Murphy, Joel Y. Moss,* for appellees.