## 75392. THOMPSON v. CROWNOVER et al.

(368 SE2d 170)

CARLEY, Judge.

At the times relevant to this appeal, appellant-plaintiff resided in an apartment owned by appellee-defendant James Crownover, who is the president and sole shareholder of appellee-defendant Crownover Electrical and Mechanical, Inc. The apartment in question contained two gas space heaters, one in the living room and one in the bedroom. Along its top, the bedroom heater was designed to accommodate protective radiants, which served to prevent flammable matter from coming into direct contact with the flames within the ignited heater. It is undisputed, however, that, from the time the apartment was first leased, the bedroom heater lacked the protective radiants.

On January 19, 1984, some three years after the commencement of the lease, appellant turned on the bedroom heater. She then stood close to the ignited heater in order to warm herself. The open flames from the heater ignited appellant's skirt and she was severely burned. Seeking to recover for her personal injuries, appellant brought this tort suit against appellees. Appellees answered, denying the material allegations of appellant's complaint. Appellees subsequently moved for summary judgment. The trial court granted appellees' motion. Appellant appeals from the grant of summary judgment in favor of appellees.

1. Appellant enumerates the grant of appellees' motion as erroneous on the ground that genuine issues of material fact remain with regard to appellees' negligent failure to keep the leased premises in proper repair.

To recover in tort, appellant will be required to prove, as a threshold matter, that appellees owed her a duty which they breached. Appellant contends that appellees, as her landlords, owed her a duty to keep the leased premises in repair and that it is this duty which appellees breached. See OCGA §§ 44-7-13; 44-7-14. She urges that appellees have failed to show that they have not breached this duty to repair. It is clear, however, the landlord's statutory duty to repair does not extend to patent defects in the premises which were in existence at the time of the commencement of the lease. It is also clear that the defect in this case was patent. " 'A landlord is not liable for injuries to his tenant or to the members of the latter's family for injuries resulting from a patent defect existing at the time of the rental agreement as to which both the landlord and the tenant had equal knowledge.' [Cits.] 'A latent defect is one which could not have been discovered by inspection. A *patent* defect is a defect which could be discovered by inspection.' [Cit.] [Appellant's complaint alleges] that the absence of a protective device on the heater was a dangerous condition. It does not appear in what way the heater was any

more dangerous than would be an open fireplace, for example. Even if this condition be considered a defect, however, it was a patent one, which reasonably could have been discovered by [appellant] at the commencement of the lease, which [was some three years prior to her injury]." (Emphasis in original.) *Hyde v. Bryant*, 114 Ga. App. 535, 536 (151 SE2d 925) (1966). See also *Bixby v. Sinclair Refining Co.*, 74 Ga. App. 626 (40 SE2d 677) (1946); *Godard v. Peavy*, 32 Ga. App. 121 (1) (122 SE 634) (1924); *McGee v. Hardacre*, 27 Ga. App. 106 (1) (107 SE 563) (1921). Even if this court were to conclude that legislation would not be required to accomplish a change in the "patent defect" rule, we would nevertheless be powerless to effectuate that change judicially. The "patent defect" rule has been endorsed by the Supreme Court. See *Rothstein v. Golf Club Co.*, 214 Ga. 187 (104 SE2d 83) (1958), aff'g 97 Ga. App. 128 (102 SE2d 654) (1958); *Aikin v. Perry*, 119 Ga. 263 (46 SE 93) (1903). Included among the legal principles which have not changed since the Supreme Court endorsed the "patent defect" rule is that of stare decisis and, among those constitutional principles which still apply today is that this court is bound by the decisions of the Supreme Court. Ga. Const. of 1983, Art. VI, Sec. VI, Par. VI.

That, subsequent to the commencement of the lease, appellant may have given appellees notice of the condition of the heater and have requested that it be repaired will not take the case outside the "patent defect" rule. To remove the present case from the ambit of that rule would require evidence that, in response to appellant's subsequent requests for repairs to the heater, appellees had *actually agreed* to make those repairs. *"In the absence of an express agreement to do so*, a landlord is under no duty to repair a patent defect in the rented premises where its existence was known to the tenant at the time the rent contract was entered into; and subsequent notice by a tenant of the existence of such a defect would not place upon the landlord any duty of inspection or repair. [Cits.]" (Emphasis supplied.) *Mitchell v. Clark*, 39 Ga. App. 714 (1) (148 SE 420) (1929). There is no evidence of record which would show that appellees *did* agree to any request by appellant to make repairs to the heater. Compare *Richardson v. Palmour Court Apts.*, 170 Ga. App. 204 (316 SE2d 770) (1984); *Plant v. Lowman*, 134 Ga. App. 752 (216 SE2d 631) (1975); *Warner v. Arnold*, 133 Ga. App. 174 (210 SE2d 350) (1974). However, the burden was upon appellees, as movants for summary judgment, to produce evidence that they had *not* agreed to any request by appellant to repair the heater. " ' "[T]he burden to show that there is no genuine issue of material facts rests on the party moving for summary judgment whether he or his opponent would at trial have the burden of proof on the issue concerned; and rests on him whether he is by it required to show the existence or nonexis-

tence of facts." [Cit.]' [Cit.]" *Kroger Co. v. Cobb*, 125 Ga. App. 310, 311-312 (3) (187 SE2d 316) (1972). There is simply no evidence either that appellees had or that they had not agreed to a request to repair the heater. Therefore, a genuine issue of material fact would remain as to whether appellees had assumed, and therefore owed, a duty to appellant to repair the patently defective heater. Compare *Richardson v. Palmour Court Apts.*, supra; *Plant v. Lowman*, supra.

2. That the evidence of record does not eliminate, as a matter of law, the existence of a duty owed by appellees to appellant to repair the heater does not, however, necessarily mean that the trial court erred in granting summary judgment in favor of appellees. Appellees urge that, under the evidence of record, appellant's own actions would serve to bar her recovery, as a matter of law, regardless of their breach of any duty to repair the heater which they may otherwise have owed to her.

"Although the tenant may not have waived performance of the landlord's duty to repair, or any right of action growing out of an injury caused by failure to repair, and even though ample notice of the defect may have been given by the tenant to the landlord, it is nevertheless the rule that neither the tenant nor any person lawfully upon the premises by his express or implied invitation can recover for injuries caused by such defect, where the tenant or such other person could have avoided the consequences of the landlord's negligence in failing to repair, by the exercise of ordinary care on his own part. [Cits.]" *Williams v. Jones*, 26 Ga. App. 558-559 (2) (106 SE 616) (1921). In the present case, the undisputed evidence of record is that appellant continued to use the bedroom heater with full knowledge of its defective condition. "A landlord is not liable for injuries to a tenant arising from a patent defect of which the tenant knew, or had means of knowing equal to those of the landlord. [Cit.] 'When rented premises become defective and unsafe it is the duty of the tenant to refrain from using that part of the premises the use of which would be attended with danger. It is his duty to exercise ordinary care for his own safety, and where he is injured as a result of his failure to exercise such care, he can not recover damages from his landlord, even though the latter may have been negligent in failing to make repairs.' [Cits.]" *Hearn v. Barden*, 115 Ga. App. 708, 709-710 (155 SE2d 649) (1967).

By appellant's own testimony, she was equally aware of the defective heater and of the danger inherent in using it. In her affidavit, appellant stated that, when the bedroom heater was turned on, "open flames came out of the top of the metal box-like base." "It is the duty of the tenant 'to abstain from.using any part of the premises the use of which would be attended with danger,' and such continued use of that portion of the knowingly defective premises which ordinarily

prudence would suggest would be attended with danger will amount to contributory negligence on the part of the tenant, such as would preclude a recovery for the injury which must have been reasonably anticipated. [Cits.]" *Kleinberg v. Lyons*, 39 Ga. App. 774, 775 (3) (148 SE 535) (1929).

Appellant contends that under the circumstances of this case she is not, as a matter of law, precluded from a recovery because, notwithstanding her actual knowledge of the defective and dangerous condition of the heater, her only alternative to subjecting herself to that condition was to freeze. See generally *Hull v. Mass. Mut. Life Ins. Co.*, 142 Ga. App. 269 (235 SE2d 601) (1977). However, the undisputed evidence of record is that there was another space heater in the living room, the use of which presented, if not an equally pleasant alternative to the one located in the bedroom, at least a less dangerous one. Thus, the evidence shows that appellant's act of subjecting herself to the open flames of the bedroom heater "was not one of necessity, thereby distinguishing *Grier v. Jeffco Mgt. Co.*, 176 Ga. App. 158 (335 SE2d 408) (1985); *Hull v. Mass. Mut. Life Ins. Co.* [supra.] and *Phelps v. Consolidated Equities Corp.*, 133 Ga. App. 189 (210 SE2d 337) (1974)." *Lindsey v. Housing Auth. of Atlanta*, 181 Ga. App. 814, 815 (354 SE2d 13) (1987). See also *Smith v. Collins*, 182 Ga. App. 564 (356 SE2d 530) (1987). Accordingly, appellant's own actions do bar her, as a matter of law, from a recovery against appellees for their breach, if any, of a duty to repair.

Because of stare decisis and adherence to the Constitution of this State, we are again constrained to note that, even if it were otherwise possible for the judiciary to effect a change in this rule of tenant's contributory negligence and assumption of the risk, it would not be possible for this court to make that change. See *Donehoe v. Crane*, 141 Ga. 224 (80 SE 712) (1913); *Veal v. Hanlon*, 123 Ga. 642 (51 SE 579) (1905). It follows that the trial court correctly granted summary judgment in favor of appellees as to appellant's claim for the negligent failure to repair the bedroom heater.

3. The grant of summary judgment in favor of appellees as to appellant's negligence per se claim is enumerated as error. However, in Division 2 of this opinion we have held that, notwithstanding *any* negligence on the part of appellees, the evidence of record demands a finding that, as a matter of law, appellant's *own* actions are a bar to her recovery. This result would not change simply because the basis for appellant's negligence claim is appellees' violation of a duty which is imposed by statute rather than a duty which is imposed by common law. Accordingly, the trial court correctly granted summary judgment as to appellant's negligence per se claim.

4. As to appellant's claim for the breach of an implied warranty of suitability of the premises as a dwelling place, the trial court also

granted summary judgment in favor of appellees. This ruling is enumerated as error.

"At common law there was no implied covenant on the part of the landlord that the premises were suitable for the purpose for which they were rented, or for the particular use for which they were intended by the tenant. [Cits.] The only modification of this rule in Georgia is as to the duty of the landlord to 'keep the premises in repair.' [OCGA § 44-7-13]. And in the absence of an agreement so to do, the landlord is not bound to repair patent defects, of which the defendant had knowledge at the time of entering the rent contract. [Cit.] There have been several decisions by the courts of this State which, by the language used, would seem to hold that it is the duty of the landlord to make the premises suitable for the purpose for which they were rented. . . . [Cits.] But in each of these cases the court was dealing solely with the duty of the landlord to make needed repairs, for in none of them was any question involved as to an implied covenant by the landlord that, irrespective of the state of repair, the premises were suitable for the purpose for which they were leased, or for the particular uses which the tenant intended to make of them. . . . We think there is nothing in any of the decisions when studied in light of the facts upon which they are predicated, which could mean that the common-law rule has been changed in this State, except as provided in [OCGA § 44-7-13], having reference to repairs. We therefore hold that the implied covenant of the landlord does not, regardless of the condition of repair, include 'an undertaking on his part that the premises leased are suitable or fitted for the particular use for which they are intended by the lessee.' [Cits.]" *Cox v. Walter M. Lowney Co.*, 35 Ga. App. 51, 54-55 (132 SE 257) (1926). Accordingly, insofar as appellant predicates her right to recover upon appellees' alleged breach of a warranty of suitability *other than* the landlord's duty to repair the premises, that reliance is misplaced. A landlord's implied warranty of suitability extends only so far as and no further than his statutory duty of repair. *Warner v. Arnold*, supra; *Point Apts. v. Bryant*, 99 Ga. App. 110, 111 (1) (107 SE2d 684) (1959); *Cox v. Walter M. Lowney Co.*, supra. As discussed previously, appellant cannot recover under the theory that appellees breached their statutory duty to repair. Accordingly, the trial court correctly granted summary judgment as to appellant's claim for breach of an implied warranty of suitability of the premises.

5. As the result of the foregoing, it necessarily follows that the trial court correctly granted summary judgment in favor of appellees as to appellant's claim seeking to recover punitive damages based upon allegations of gross negligence.

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur. Sognier and Beasley, JJ., concur in judgment only. Deen, P. J., Mc-*

*Murray, P. J., Pope and Benham, JJ., dissent.*

DEEN, Presiding Judge, dissenting.

Many of the cases cited in the majority opinion support the position of the dissent that issues of fact remain for the jury.

The following cases cited by the majority all rejected contentions, considerations, and claims that motions for summary judgment should have been sustained or that granting general demurrer was appropriate. They are: *Grier v. Jeffco Mgt. Co.*, 176 Ga. App. 158 (335 SE2d 408) (1985); *Richardson v. Palmour Court Apts.*, 170 Ga. App. 204 (316 SE2d 770) (1984); *Hull v. Mass. Mut. Life Ins. Co.*, 142 Ga. App. 269 (235 SE2d 601) (1977); *Plant v. Lowman*, 134 Ga. App. 752 (216 SE2d 631) (1975); *Warner v. Arnold*, 133 Ga. App. 174 (210 SE2d 350) (1974); *Kroger Co. v. Cobb*, 125 Ga. App. 310 (187 SE2d 316) (1972); *Point Apts. v. Bryant*, 99 Ga. App. 110 (107 SE2d 684) (1959); *Kleinberg v. Lyons*, 39 Ga. App. 774 (148 SE 535) (1929) (approved by a 2-1 vote of this court, which at that time was a final vote and not subsequently considered by the whole court); *Cox v. Walter M. Lowney Co.*, 35 Ga. App. 51 (132 SE 257) (1926); *McGee v. Hardacre*, 27 Ga. App. 106 (107 SE 563) (1921); *Williams v. Jones*, 26 Ga. App. 558 (106 SE 616) (1921).

A fortiori, where as here, the landlord promised to repair the heater, combined with knowledge that the property was condemned as unfit and "redtagged" as violating the city code while being occupied and used, the totality of the circumstances raises genuine issues of fact for jury consideration. See *Pilgreen v. Hanson*, 89 Ga. App. 703 (81 SE2d 18) (1954); *Butts v. Academy of Beauty*, 117 Ga. App. 222 (160 SE2d 222) (1968).

BENHAM, Judge, dissenting.

While I agree with the conclusions reached by the majority in Divisions 1 and 4, but not with the reasoning contained therein, I must dissent as to Divisions 2, 3, and 5, and I write separately to fully explain my disagreement with the majority opinion.

On January 19, 1984, a cold winter morning, Beverly Jean Thompson, appellant, suffered disfigurement and disability as a result of second and third degree burns over 36 percent of her body, which she sustained when her dress caught fire while she was warming herself in front of a bedroom space heater. At the time of her injury, she was renting a house located at 3825 College Street, College Park, Georgia, from appellees, James L. Crownover and Crownover Electrical & Mechanical, Inc. The house in question consisted of three bedrooms, a living room, and a kitchen, and it contained a gas space heater in the living room and in one bedroom. The remaining pertinent facts will be outlined as the respective enumerations of error are

addressed.

The trial court found that the defective condition of the space heater was patent and that appellant had equal or superior knowledge of the defective condition; therefore, she assumed the risk and summary judgment was granted to appellees/landlords.

1. In her first enumeration of error, appellant contends that the trial court erred in granting summary judgment to appellees on appellant's claim that material issues of fact remain as to matters of upkeep. In Division 1 of the main opinion, the majority concedes that material issues of fact remain as to this issue, but for reasons contained in Division 2 of the main opinion, the majority rules that the trial court did not err in granting summary judgment. We must begin our analysis of Enumeration 1 with reference to one of the Code sections dealing with a landlord's duty to repair. OCGA § 44-7-13 provides that the landlord must keep his rental premises in repair.

Since this matter is before the court on a review of the trial court's grant of summary judgment under OCGA § 9-11-56, there are certain rules we must apply. The burden is on the moving party to show a lack of genuine issues of material fact. *Holland v. Sanfax Corp.*, 106 Ga. App. 1 (126 SE2d 442) (1962). The evidence is to be construed most favorably toward the party opposing the motion for summary judgment. *McCarty v. Nat. Life &c. Ins. Co.*, 107 Ga. App. 178 (129 SE2d 408) (1962), and the party opposing the motion is to be given the benefit of all reasonable doubts and inferences. *Holland*, supra.

The evidence, viewed in light of the foregoing rules of law, shows that although the bedroom heater was in a state of disrepair at the inception of the lease, it fell into further disrepair during the life of the lease when the metal frame fell out and the back fell off the heater. This matter was brought to the attention of the landlord and he promised to repair it. The Atlanta Gas Light Company examined the heater and found it to be defective. The landlord told the tenant to repair the heater and deduct the amount from her rent, but the material the tenant bought to repair the heater did not work. The landlord promised to make the necessary repairs since only the box and metal frame were left, but he never made the repairs. In December 1983, the property was condemned as being unfit for human habitation due to violations of the city code, which included the defective bedroom heater. On December 21, 1983, the house was "red tagged" by the City of College Park, which also notified appellees of the condemnation. On the day that appellant was burned, her mother, who also resided with her, was out looking for another place for them to live.

Although I disagree with the majority's assessment of the patent and latent defects issue in Division 1, I see no need to take issue with

it at this point since it did not form a critical part of the majority's ruling as to Division 1. However, I must note that contrary to the statement contained in the majority opinion, the patent-latent defect analysis does not apply where the landlord assures the tenant that repairs will be made. *Richardson v. Palmour Court Apts.*, 170 Ga. App. 204 (316 SE2d 770) (1984). Nevertheless, the foregoing statement of facts clearly shows that the trial court improperly granted summary judgment to appellees on the duty to repair issue, and the majority opinion was correct in disavowing such a ruling.

2. I part company with the majority opinion in Division 2 wherein it rules that summary judgment was proper even though material issues of fact remain to be determined. Since the enumeration of error as to negligence per se is closely associated with appellant's negligence claim, they will be addressed together. Citing *Williams v. Jones*, 26 Ga. App. 558 (2) (106 SE 616) (1921), the majority opinion concludes that appellant failed to exercise ordinary care for her own safety and that, therefore, she is barred from recovery. In analyzing this conclusion, we must begin with a time-honored legal axiom. Matters of ordinary care, assumption of risk and contributory negligence are normally matters for jury determination except in situations where the evidence is clear, plain, and indisputable. *United Car &c. Leasing v. Roberts*, 150 Ga. App. 369 (3) (257 SE2d 905) (1979); *Hull v. Mass. Mut. Life Ins. Co.*, 142 Ga. App. 269 (235 SE2d 601) (1977); *Davis v. Gen. Gas Corp.*, 106 Ga. App. 317 (2) (126 SE2d 820) (1962). Citing *Hearn v. Barden*, 115 Ga. App. 708, 709-710 (155 SE2d 649) (1967), the majority concludes that appellant had full knowledge of the danger, and, therefore, she was precluded from recovery because she should have abstained from using the defective heater. The majority places great reliance on the Supreme Court's summary affirmance in *Rothstein v. Golf Club Co.*, 214 Ga. 187 (104 SE2d 83) (1958), aff'g 97 Ga. App. 128 (102 SE2d 654) (1958), a case wherein a two-year-old child was injured in a fall into a ravine located near her apartment complex. The *Rothstein* court ruled that since the condition existed at the time the landlord-tenant relationship was entered into, it was a patent defect and recovery was barred. However, the majority here fails to realize that there have been many advancements in the law since the 1958 *Rothstein* decision, which was brought on general negligence grounds (Code Ann. § 105-401 (now OCGA § 51-3-1)). In *Rothstein*, the court ruled that a landlord has no duty to repair a patent defect unless there is an express agreement to repair. The majority here fails to take into consideration the date of the *Rothstein* case and the fact that a landlord's statutory duty to repair was in its infancy at that time and had not developed to the state of maturity that exists today. As early as *Lee v. Huiet & Powell*, 142 Ga. App. 528, 530 (236 SE2d 506, 508) (1977), a case involving a

leaky ceiling which eventually collapsed, we ruled that "[c]ontinued use of the room with knowledge of the defect will not, as a matter of law, bar appellant's recovery. [Cits.]" In *Warner v. Arnold*, 133 Ga. App. 174, 179 (210 SE2d 350) (1974), a case involving the burglary of an apartment and destruction of property, we found that summary judgment was improper even though the tenant knew that the lock on her door was defective and she had told the landlord of its existence: "The immediacy of the connection between the inadequate (although functioning) lock, the landlord's notice of the inadequacy, either actual or constructive, and the burglary and arson, compels us to hold that the landlord is not insulated as a matter of law, and that the jury should properly pass on the questions of agency, notice, foreseeability, intervening causation, assumption of risk, as well as the suitability of the lock in question."

Likewise, in *Phelps v. Consolidated Equities Corp.*, 133 Ga. App. 189, 193 (210 SE2d 337) (1974), where a tenant attempted to clear ice from a walk and was unsuccessful, and in attempting to traverse the ice to go to work, fell, the court ruled that the tenant "had no alternative but to traverse the ice if she was to go to and from her apartment." See also *Grier v. Jeffco Mgt. Co.*, 176 Ga. App. 158 (335 SE2d 408) (1985); *Richardson v. Palmour Court Apts.*, supra. This rule has become known as the "necessity rule." In *Plant v. Lowman*, 134 Ga. App. 752 (216 SE2d 631) (1975), where a tenant was injured while using a defective stairwell even though another stairwell was available, this court ruled that even though the tenant had knowledge of the defective condition of the stairwell, the landlord was not insulated as a matter of law from liability, and that summary judgment was inappropriate. Therefore, as it relates to the case in chief, since this court has not only recognized the "necessity rule" but also an extension of the "necessity rule," the trial court erred in granting summary judgment. The jury should determine (1) if the defect was in fact patent; (2) if so, was the danger apparent; (3) if so, did appellant appreciate the risk and assume it; (4) and, if so, does the "necessity rule" apply?

3. For reasons contained in the foregoing divisions, I believe that material issues of fact remain to be determined not only as to negligence, but also negligence per se; therefore, it would be premature to rule on the punitive damages issue.

I would reverse the trial court and allow appellant to have a jury trial.

I am authorized to state that Presiding Judge Deen, Presiding Judge McMurray, and Judge Pope join in this dissent.

Decided March 18, 1988 —
Rehearing denied March 31, 1988 — 

*David H. Pope*, for appellant.
*Richard B. Eason, Jr., Eric E. Huber, Rex T. Reeves, Jack O. Morse*, for appellees.